[L. A. No. 467.   Department One.—August 10, 1899.]

R. E. JACK, Respondent, v. B. SINSHEIMER, Appellant.

125  563|
e135  405|

LEASE—EVICTION FOR NONPAYMENT OF RENT—LIQUIDATED DAMAGES
—VOID CLAUSE.—Under a provision in a lease for five years
that, upon failure of the lessee to pay the stipulated rent, he
shall vacate the premises upon receiving thirty days' notice
from the lessor, it is not difficult or impracticable to fix the
amount of damage resulting to the lessor, and an additional
clause providing that the lessee, in such case, shall pay to the
lessor "the sum of one thousand dollars, as settled and liqui-
dated damages," is void, under sections 1670 and 1671 of the
Civil Code.

ID.—GUARANTY OF VOID PENALTY—LIABILITY OF GUARANTOR.—A
guarantor is never implicated beyond the strict terms of his
contract; and a guaranty which by its terms purports to secure
the payment of a penalty of one thousand dollars which by the
lease was fixed as liquidated damages, in case the lessee should
be evicted from the premises for nonpayment of rent, or should
voluntarily vacate the same, is void on account of the invalidity
of the penalty, and cannot subject the guarantor to any liability
for rent, or for any actual damage for which the lessee is liable,
without covenant or guaranty.

ID.—VOID MORTGAGE TO SECURE GUARANTOR—QUIETING TITLE.—A
mortgage made by the lessee to secure the guarantor against
all cost, damages and expenses accruing to the mortgagee by
reason of the guaranty of the void penalty contained in the
lease, is void, and is no defense to an action to quiet title by
the successor in interest of the mortgagor.

ID.—INSUFFICIENT ANSWER—LIABILITY OF GUARANTOR NOT SHOWN.—
An answer by such mortgagee in the action to quiet title, which
does not aver that by reason of the eviction of the lessee the
lessor suffered any damage, and which does not show that the
lessee was evicted or voluntarily vacated the premises, during
the term of the lease, is to be construed most strongly against
the pleader, and does not disclose any liability of the guarantor,
within the terms of his contract, or show that the mortgage of
the lessee to the guarantor constitutes any lien upon the mort-
gaged premises.

APPEAL from a judgment of the Superior Court of San
Luis Obispo County.   E. P. Unangst, Judge.

The facts are stated in the opinion.

Wilcoxon & Bouldin, and J. M. Wilcoxon, for Appellant.

W. H. Spencer, for Respondent.

COOPER, C.—This is an action brought by plaintiff to quiet his title to a certain tract of land described in the complaint. The defendant answered, and in his answer set forth a certain mortgage made by one Cheda, which mortgage was claimed to be a valid lien upon the premises in favor of defendant. The plaintiff demurred to the answer upon the ground that the facts therein stated did not constitute any defense to the action; the demurrer was sustained, and, defendant declining to amend, judgment was rendered against him. This appeal is by defendant from the judgment and for the purpose of reviewing the order sustaining the demurrer. It appears from the answer that on June 19, 1891, one Andrews, as lessor, leased to one Cheda, as lessee, certain premises in San Luis Obispo county for the period of five years from and after October 1, 1891, at an annual rental of two thousand dollars, one-third of the annual rent payable every four months in advance. This lease contained the following covenant:

"And the said party of the second part (Cheda) does hereby covenant, promise, and agree to pay to said party of the first part (Andrews) the said rent, in the manner hereinbefore specified, . . . . and, upon his failure to pay said rent, he shall vacate said premises upon receiving thirty days' notice from the party of the first part, and shall pay to him the sum of one thousand dollars, as settled and liquidated damages."

At the time of making the said lease the defendant signed an indorsement thereon in the following language:

"In consideration of the making of the foregoing lease or agreement, and for the purpose of securing the penalty of one thousand dollars therein provided for, I hereby guarantee the payment of one thousand dollars unto said Truman Andrews, whenever, at any time during the term therein limited and provided for, the said J. A. Cheda shall be legally evicted from said premises for nonpayment of rent therein provided for, or whenever he voluntarily vacates the same, upon ten days' notice.

"Dated June 19, 1891.

                                    "B. SINSHEIMER."

On January 25, 1894, the said Cheda was the owner in fee of the property described in the complaint in this action, and

while such owner, on said last-named day, he made to the de-
fendant a mortgage thereon, which mortgage was duly acknowl-
edged and recorded, and which was given for the purpose of
securing defendant "against all cost, damages, and expenses
incurred, suffered, or accruing to said mortgagee by reason of a
certain written guaranty made by him upon the part of and for
said J. A. Cheda, upon and about a certain lease this day exe-
cuted between Truman Andrews and J. A. Cheda, to which
lease reference is hereby made." On September 1, 1896, the
said Cheda was in default for rent under the terms of said
lease, and thereupon proceedings were commenced to evict and
eject him from the leased premises. Afterward, judgment was
duly given and made against said Cheda and he was legally
evicted from the said premises, and he has never paid the rent
so due or the said one thousand dollars. Notice of the non-
payment of rent and of the default of Cheda was given to de-
fendant and demand made upon him for the payment thereof.
Defendant has not paid the same, but claims that he has a
right to the security given by the mortgage until he is fully
released from said guaranty. The principal question in this
case is as to whether or not the clause in the lease fixing the
sum of one thousand dollars as liquidated damages in case of the
premises being vacated by the lessee is void. The rule that a
guarantor is never implicated beyond the strict terms of his
contract must be applied to defendant in this case. His guar-
anty was "for the purpose of securing the penalty of one thou-
sand dollars . . . . whenever at any time during the term
therein limited and provided for the said J. A. Cheda shall be
legally evicted from said premises for nonpayment of rent, or
whenever he voluntarily vacates the same." The guaranty was
therefore by its terms to secure a penalty of one thousand dol-
lars which by the lease was fixed as liquidated damages in case
the lessee should be evicted from the said premises or volun-
tarily vacate the same. The provisions of our code are as fol-
lows: "Every contract by which the amount of damage to be
paid, or other compensation to be made, for a breach of an
obligation, is determined in anticipation thereof, is to that ex-
tent void, except as expressly provided in the next section."
(Civ. Code, sec. 1670.) "The parties to a contract may agree

therein upon an amount which shall be presumed to be the amount of damage sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage." (Civ. Code, sec. 1671.)

We think, under the provisions of the code quoted, that clause of the lease as to the penalty of one thousand dollars is void. It does not occur to us that upon the failure of a tenant to pay rent, and upon his eviction after notice and demand, the actual damage would be extremely difficult to fix or impracticable of estimation. It is provided in our code (Code Civ. Proc., sec. 1174) that in summary proceedings for obtaining possession of real property after default of the tenant in the payment of rent, the judgment or verdict shall find the amount of damages occasioned to the plaintiff and for the amount of rent due, and shall be rendered against the defendant for three times the amount so found. If the lessor had brought an action against the lessee under the above section and preceding sections of the Code of Civil Procedure, the rule laid down in section 1174 would be applicable. We not only have a rule laid down in the Code of Civil Procedure, section 1174, for the wrongful holding over of a tenant after failure to pay rent, but we have rules laid down in Civil Code, sections 3335, 3344, and 3345, and finally we have the rule laid down in the Civil Code, section 3334, that, with the exceptions of the rules stated in the Code of Civil Procedure, section 1173, and the Civil Code, sections 3335, 3344, and 3345, the detriment caused by the wrongful occupation of real property is deemed to be the value of the use of the property for the time of such occupation and the costs, if any, of recovering the possession. The above sections seem to provide rules for ascertaining the damages in all kinds of actions for the recovery of real estate. When a tenant fails to pay rent as provided in the lease, the amount of damage is not extremely difficult to fix, and it certainly is not impracticable to fix the amount of such damage. In *Patent Brick Co. v. Moore*, 75 Cal. 205, it was held that a stipulation by the contractor in a building contract to pay the owner a specified amount as liquidated damages for each day's delay in completing the building is not sufficient evidence of itself to entitle the owner to recover the amount stipulated for as liquidated damages.

In *Drew v. Pedlar,* 87 Cal. 443, 22 Am. St. Rep. 257, it was held that where a written agreement was made between a vendor and purchaser for the sale of certain real estate and one thousand dollars was paid down by the purchaser, and the contract contained a provision that in case of a breach thereof by the purchaser the thousand dollars should be taken by the vendee as liquidated damages, that the provision was void. In the opinion it is said: "It appears, from the nature of the contract under consideration, that it would not be impracticable or at all difficult to fix the actual damage in this case, since section 3307 of the Civil Code provides a rule by which the damage, in all cases of this kind, may be measured and definitely fixed."

In *Pacific Factor Co. v. Adler,* 90 Cal. 110, 25 Am. St. Rep. 102, a contract had been entered into between plaintiff and defendant for the delivery of a large number of grain bags. The contract contained a clause to the effect that the defendant would pay to plaintiff three cents for each bag which he refused or neglected to deliver, and also contained the express agreement that it was understood between the plaintiff and defendant that owing to the nature of the case it would be impracticable and extremely difficult to fix the actual damage. It was held that, notwithstanding the provision in the contract that the parties understood that it would be impracticable and extremely difficult to fix the actual damage, the provision was void under sections 1670 and 1671 of the Civil Code.

In *Wilmington Trans. Co. v. O'Neil,* 98 Cal. 1, the contract sued upon contained a provision for the hiring of a lighter and for the payment of a fixed sum in case of loss or irreparable damage to the lighter. It was held that the stipulation was in the nature of a penalty, and that the plaintiff in suing upon the contract should have alleged and proved actual damage.

Applying the rule as laid down in the above cases, the stipulation in the lease as to one thousand dollars' penalty was void and the demurrer properly sustained. It is said by appellant that even if the penalty is void as to the amount, the stipulation is binding upon the lessee for the actual damage. This would be true without any such provision in the lease. In case the lessee failed to pay rent or vacate before the end of his lease he is liable to his lessor for the actual damage sustained without

any covenant to that effect or any bond or guaranty. That, however, is not this case. The defendant did not guarantee the rent nor agree that under any circumstances he would be responsible for it. He guaranteed the penalty of one thousand dollars in case the lessee was legally evicted for nonpayment of rent or voluntarily vacated the premises. The penalty being void, the guarantor is not liable. It is alleged in the answer that Cheda became indebted for rent under said lease, but no statement is made as to whom he so became indebted. It is stated that Cheda was legally evicted from the leased premises for nonpayment of rent, but it is not alleged that by reason of such eviction the lessor or anyone else suffered any damage. The answer may be true, and yet the lessor may have been greatly benefited by evicting the lessee, as he may have leased the premises immediately for a much greater rent, or otherwise received profit by obtaining possession thereof.

In the case of *Pacific Factor Co. v. Adler, supra,* the plaintiff introduced in evidence its contract containing the provision that defendant would pay to plaintiff three cents for each bag which he refused or neglected to deliver under the contract, and, after showing the number of bags which defendant failed to deliver, rested without any proof of damage. Defendant moved in the court below for nonsuit upon the ground, among others, that no proof of actual damage was offered. The nonsuit was granted and this court affirmed the judgment.

The guaranty as to the penalty only made defendant liable in case, during the term of the lease, the lessee should be legally evicted from the said premises for nonpayment of rent, or should voluntarily vacate the same. There is no allegation in the answer that the lessee ever voluntarily vacated the premises, and no allegation that he was legally evicted during the term of the lease. The rule that a pleading will be construed most strongly against the pleader must be applied to the answer in this case. Tested by the demurrer the statements of the answer must be taken as true, yet, for the purpose of holding the guaranty of defendant binding, we cannot presume any facts outside of those stated in the answer.

We advise that the judgment be affirmed.

Haynes, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.                .Van Dyke, J., Garoutte, J., Harrison, J.