[S. F. No. 8653. In Bank.—July 26, 1920.]

THOMAS G. KNIGHT et al., Executors, etc., Respond-
ents, v. BENJAMIN L. MARKS et al., Defendants;
JOSEPH C. BIANCHI, Appellant.

[1] LANDLORD AND TENANT — BREACH OF COVENANT TO PAY RENT —
MEASURE OF DAMAGE.—Where a lease has not expired and a for-
forfeiture and restitution is not sought, the measure of damage for
a breach of the covenant to pay the rent fixed by the lease is the
amount of the rent unpaid and no more.

[2] ID. — LEASE — BREACH OF COVENANT TO PAY RENT — LIQUIDATED
DAMAGES—VOID PROVISION.—A provision in a lease fixing liqui-
dated damages for breach of covenant to pay rent is void under
sections 1670 and 3302 of the Civil Code.

[3] ID.—SECURITY FOR PERFORMANCE OF LEASE—CONTINGENT INTEREST
OF ASSIGNEE OF LESSEE.—An assignee of the interest of a lessee
in a fund deposited by the lessee as security for the performance
of the covenants of the lease has a contingent interest in the fund
until the lessee fails to perform.

[4] ID.—ALTERATION OF LEASE—RIGHTS TO SECURITY.—Where a lessor
was without knowledge that a third person stood in the relation
of surety as to a fund deposited by the lessee as security for the
performance of the covenants of the lease, the fund was not
released by the alteration of the terms of the lease by consent of
the lessor and lessee.

[5] APPEAL—JUDGMENT—SUBSEQUENT SATISFACTION BY EXECUTION—
RIGHTS OF APPELLANT.—An appellant does not lose his right to
prosecute his appeal by reason of the fact that after the appeal
was taken the judgment was satisfied by execution.

APPEAL from a judgment of the Superior Court of
the City and County of San Francisco. Bernard J. Flood,
Judge. Reversed.

The facts are stated in the opinion of the court.

Geo. C. Sargent for Appellant.

Peter A. Breen and Percy E. Towne for Respondents.

SHAW, J.—This is an action for money claimed to be due
to the plaintiffs' testatrix upon a lease executed by her to
Benjamin L. Marks, on October 22, 1908. The cause was

tried by a jury and upon the verdict judgment was rendered in favor of plaintiffs against Marks for the sum of two thousand nine hundred dollars and against defendant Bianchi and the German Savings and Loan Society for the sum of $11,222.87. From this judgment the defendant Joseph C. Bianchi appeals.

The lease embraced property upon which the lessor agreed to erect a building in accordance with plans and specifications annexed thereto, which plans, however, do not appear in the record. It was for the term of ten years, beginning thirty days after the completion of the building. The total rental was one hundred and twenty thousand dollars, payable in monthly installments of one thousand dollars each on the first day of each month, and Marks was to pay two hundred dollars as attorneys' fees in any action by the lessor against the lessee for a breach of any covenant of the lease. It provided that the lessee should furnish eight thousand dollars as security for the performance of the covenants on his part, which sum should be deposited in the German Savings and Loan Society in the names and for the joint account of the lessor and lessee, there to remain with such interest as should accumulate thereon, provided that in the event of failure to pay rent or other breach of covenant by Marks, the "lessor may withdraw from the said account the entire sum, together with the accumulated interest, as agreed liquidated damages for the breach," and that upon the termination of the lease by expiration of time or otherwise, any balance of the money and interest so on deposit and not applied to the claims of the lessor should be returned to the lessee.

The complaint alleged that the purpose of the parties in leasing the premises was that the lessee should conduct a livery-stable therein and that the building was constructed so as to be suitable for that use; that the lessor would not have erected a building for that purpose except in consideration of the covenants and conditions of the lessee and except for the money deposited as security for performance; that because of the fact that it was designed for that use it would be difficult to procure another tenant, and impractical and extremely difficult to fix the damages that would be suffered by the lessor in case of the ouster of the lessee for the nonpayment of rent or other breach of the condi-

tions of the lease, and that it was for this reason that the provision regarding liquidated damages was inserted in the lease and the sum of eight thousand dollars deposited as above stated. It further alleged that Joseph C. Bianchi claimed some interest in the fund on deposit.

Bianchi in his answer alleged that the money deposited by Marks with the defendant German Savings and Loan Society in pursuance of the lease was furnished to Marks by C. D. Bianchi for the purpose of making said deposit therewith; that the lessor was informed that the money was the property of Bianchi and was pledged by him as security for the obligation of Marks under the lease; that in May, 1912, without the consent of said C. D. Bianchi, the lessor and lessee, by agreement in writing, altered the terms of the lease by providing that the building could be accepted by the lessor and lessee in an uncompleted state and located upon ground other than that described in said lease and that the time for its completion should be extended, and that it might be used as a garage instead of as a stable. It is also alleged that in November, 1912, said C. D. Bianchi assigned all of his right, title, and interest in the said fund on deposit to the defendant Joseph C. Bianchi. He asked judgment to the effect that he was the owner of the said fund on deposit.

The parties to a contract may agree therein upon an amount to be allowed as damages for a breach thereon only "when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage." (Civ. Code, secs. 1670, 1671.) The only breach of the covenants of the lease here in question that is alleged is the failure to pay the stipulated rent. In the verdict, the jury found specially against Marks for two thousand seven hundred dollars. It was admitted that this sum included all rent due up to and including the rent due July 1, 1917. The trial was had on July 18, 1917, and judgment was entered on July 19, 1917. The building was completed and occupied by the lessee on or about August 1, 1909, and consequently the ten year term began on September 1, 1909, and ended on September 1, 1919. This action was merely for the rent due and the stipulated damages, and no notice to quit or forfeiture of the lease was alleged, nor any restitution of the possession to the lessor demanded. Nor is it alleged

that the lessee has vacated, abandoned, or surrendered the possession, or that he is insolvent. [1] Where the lease has not expired and a forfeiture and restitution is not sought, the measure of damage for a breach of the covenant to pay the rent fixed by the lease is the amount of the rent unpaid and no more. It could not be difficult or impracticable to fix the damages in such a case. It was a breach of an obligation to pay money only and the damages was "the amount due by the terms of the obligation, with interest thereon." (Civ. Code, sec. 3302.) [2] The parties cannot overcome this objection in such a case by any provision in the contract itself, for such a provision is expressly declared to be void. (Civ. Code, sec. 1670; *Green* v. *Frahm,* 176 Cal. 262, [168 Pac. 114]; *Jack* v. *Sinsheimer,* 125 Cal. 564, [58 Pac. 130].) It follows that the plaintiff was not entitled to anything as liquidated damages for the breach of contract alleged, and that the verdict and judgment are, to that extent, without support in the law and evidence.

It must be admitted that, at the time of the judgment at all events, it was possible that Marks might fully perform all the covenants of the lease. If he did so, the money on deposit would have then fully served its purpose as security and it would then belong to Marks, absolutely, free from any claims of the lessor. The evidence showed that at the time the money was deposited, C. D. Bianchi, as a loan to Marks for the purposes of said lease, gave him a check for eight thousand dollars to be used in making said deposit; that the check was indorsed by Marks and transferred to the bank, and that the deposit was, by that means, effected. Upon the deposit being made, Marks, in writing, assigned all his interest therein to C. D. Bianchi, "subject to the lien thereon of said Serena H. Knight," under the lease, as security for the repayment of said sum to Bianchi by Marks, and Marks therein expressly promised to repay the same. C. D. Bianchi, having, as the evidence shows, assigned to the appellant, Joseph D. Bianchi, all his rights under the writing between him and said Marks to the fund so deposited, it follows that the appellant had, when the judgment was rendered, a contingent right to the fund, which would become a full right if Marks should perform his covenants in the lease. [3] The judgment was erroneous in that it

denied Bianchi all relief. It should have declared his contingent interest therein.

The appellant claims the absolute and immediate right to the fund, on the ground that by the terms of an alleged agreement between Mrs. Knight, Marks, and C. D. Bianchi at the time the deposit was made, it was understood between them that said Bianchi should deposit the money as security for the performance by Marks of his obligations under the lease, and consequently that said Bianchi and the fund he so deposited stand in the relation of a surety for Marks to Mrs. Knight for such performance. It is claimed, further, that in May, 1912, after the lease had run nearly three years, Mrs. Knight and Marks made an agreement in writing constituting a material alteration of the terms of the lease, so far as the obligations of Marks thereunder were concerned, which alteration it is argued operated to release the fund and transfer the same to Bianchi as the absolute owner thereof, under his assignment from Marks. It does not appear that Mrs. Knight had any knowledge of the terms of the agreement between C. D. Bianchi and Marks whereby the money was loaned to Marks for the purpose of making the deposit, and was immediately assigned by Marks to Bianchi as security for the repayment to Bianchi of the money so loaned by him to Marks. By the terms of the agreement and of the loan, the title to it passed absolutely to Marks. Mrs. Knight was not informed that the right of Marks thereto, such as it was, had been pledged to Bianchi for the repayment of the loan to him by Marks. The evidence does not show that she knew that Bianchi was, or claimed to be, a surety for Marks with respect to this money. [4] Consequently the alteration of the lease, even if there were such alteration, did not operate to release her claim to the money so deposited. It may be added that the agreement, which it is claimed changed the terms of the lease, merely gave the consent of the lessor to the lessee to make some alterations in the premises which he desired to make and thereafter to use the premises as a garage instead of a stable. Prior to that time he had been using it as a stable. There was no covenant in the original lease which restricted the lessee's right to use the premises for anything other than a stable. We do not perceive how the consent of the lessor to the proposed alterations operated in any respect

to change the obligations of Marks for which the money was deposited as security.

[5] The respondents move to dismiss the appeal on the ground that after it was taken the judgment was fully satisfied. The proofs in support of the motion show that the satisfaction was the result of the enforcement of the judgment by execution. The appellant does not lose the right to prosecute his appeal by such enforcement. (Code Civ. Proc., sec. 957.)

The judgment is reversed.

Lawlor, J., Angellotti, C. J., Olney, J., Sloane, J., Wilbur, J., and Lennon, J., concurred.

Rehearing denied.

All the Justices concurred.