[Civ. No. 6780. First Appellate District, Division One.—January 16, 1932.]

LASHER B. GALLAGHER, Appellant, v. R. E. McMANN et al., Respondents.

Cooley & Gallagher and Cooley, Crowley & Gallagher for Appellant.

Stanley J. Smith for Respondents.

THE COURT.—On January 18, 1924, plaintiff and Carroll Gallagher, his wife, leased from defendants a portion of a building in Berkeley, California, for a term commencing June 15, 1924, and ending June 14, 1929. They agreed to

pay therefor as rental the sum of $300 each month in advance. The lease also contained the following provisions:

"The lessors hereby acknowledge receipt from the lessees of the sum of nine hundred ($900.00) dollars given by the lessees to the lessors as a further consideration for the lessors entering into this lease. The lessors do hereby agree, however, that if on the 15th day of March, 1929, the lessees are a tenant in possession in the herein demised premises and have to that date faithfully kept and performed all the covenants and conditions in this lease contained by the lessees to be kept and performed and have to that date paid all rental and other charges in this lease reserved by the lessees to be paid and discharged, then and in that event and not otherwise the lessees shall receive free rent from March 15th, 1929, to June 14th, 1929. Lessors agree to pay interest at the rate of four (4%) per cent per annum on said amount of $900.00 hereinabove referred to for all the time that said $900.00 is retained by them under the terms and conditions of this lease up to and including the 15th day of March, 1929; said deposit of $900.00 is security for the faithful performance of this lease by the lessees and their assigns and is not, as is set forth hereinabove, a further or any consideration."

Defendants subsequently transferred the property, the lease and the deposit to the McMann Investment Company, a corporation. Plaintiff thereafter demanded of defendants the repayment of the deposit, and this action was brought on June 25, 1927, to recover the same with interest. Previous to the commencement of the action Carroll Gallagher assigned her interest in the claim to plaintiff.

The complaint alleged, and the court found, that the deposit was security for the faithful performance of the lease by the lessees, and it appears that they were still in possession on June 5, 1928, the date of the trial. Judgment was entered for defendants and plaintiff has appealed therefrom.

He contends that in view of the above provisions of the lease, upon the transfer of the property and the lease by defendants the lessees became entitled to the return of the deposit with interest.

■ An agreement for the deposit of money as security for the performance of the covenants of a lease is valid and enforceable (*Green* v. *Frahm*, 176 Cal. 259 [168 Pac. 114]; *Knight* v. *Marks*, 66 Cal. App. 593 [226 Pac. 931]), and the lessor is entitled to retain the deposit until the complete discharge of the obligations which the same is intended to secure. (*Steel* v. *Thompson*, 59 Cal. App. 191 [210 Pac. 430]; 36 Cor. Jur., Landlord and Tenant, sec. 1077, p. 299.) ■ The obligation of the lessor to return the deposit is a personal one arising from the contract, and continues notwithstanding a transfer of the reversion. And where an agreement provides for its retention until the expiration of the lease or other period no obligation to return it arises because of such transfer. (36 Cor. Jur., Landlord and Tenant, secs. 1075, 1081, pp. 298, 300; *Mauro* v̇. *Alvino*, 90 Misc. Rep. 328 [152 N. Y. Supp. 963, 964]; *Pollack* v. *Johnson*, 124 Misc. Rep. 608 [209 N. Y. Supp. 120].)

We find no merit in the appeal, and the judgment is therefore affirmed.