NEIHART LUMBER CO., RESPONDENT, *v.* ANTHONY, APPELLANT.

(No. 7,195.)

(Submitted February 5, 1934. Decided February 26, 1934.)

[29 Pac. (2d) 1052.]

*Messrs. Freeman, Thelen & Freeman,* for Appellant, submitted a brief; *Mr. Ernest Abel,* of Counsel, argued the cause orally.

*Messrs. Cooper, Stephenson & Hoover,* for Respondent.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

The plaintiff brought this action in a justice's court against defendant upon an account for goods sold and delivered. Plaintiff had judgment, upon which a writ of execution issued February 6, 1933. Pursuant to the writ, the sheriff on February 11, 1933, levied upon moneys due defendant from a bank sufficient to satisfy the judgment in full and sheriff's costs, collected the same, and paid the plaintiff's attorneys the amount called for in the writ, taking their receipt therefor. Some weeks later the sheriff returned the writ to the justice of the peace as fully satisfied.

On February 16, 1933, the defendant perfected an appeal to the district court from the judgment, and the case came on for trial in due time. After the foregoing facts appeared in evidence, with others not necessary to be mentioned, plaintiff's counsel moved that the appeal be dismissed, on the ground that, it appearing the judgment had been satisfied before the appeal was taken, the case was then moot. The court sustained the motion and rendered judgment dismissing the appeal. Upon the entry of the judgment, defendant appealed to this court.

When the cause came on for hearing before us, counsel for the plaintiff orally confessed error. That error was committed against the defendant is apparent. The case was not moot. The satisfaction of the judgment was by legal process and against the will of the defendant. The case is controlled by *Anderson* v. *Border,* 87 Mont. 4, 285 Pac. 174. (And see 3 C. J. 675, 2 R. C. L. 65, and *Knight* v. *Marks,* 183 Cal. 354, 191 Pac. 531.)

The judgment is reversed and the cause is remanded to the district court of Cascade county, with direction to grant the defendant a new trial.

ASSOCIATE JUSTICES ANGSTMAN, MATTHEWS, STEWART and ANDERSON concur.