[Civ. No. 5443.   Third Appellate District.—April 7, 1936.]

HERMAN DEPNER et al., Appellants, v. JOSEPH ZUKIN BLOUSES (a Corporation) et al., Defendants; LURA A. HUBBARD, Respondent.

George Appell for Appellants.

Farrand & Slosson and Edward W. Tuttle for Respondent.

JAMISON, J., *pro tem.*—Plaintiffs brought this action as judgment creditors of defendants Joseph Zukin Blouses, a California corporation, using the name of Joseph Zukin Inc., and Joseph Zukin. The complaint is entitled a creditors' suit and contains two counts, but the second count is merely a repetition of the first, adding an allegation of a controversy and asking for declaratory relief.

The complaint seeks to establish plaintiffs' rights as judgment creditors of the lessees in a money deposit previously made by the lessees with the lessor to secure performance of the lease by the lessees and in a bank account deposited with the Security First National Bank of Los Angeles, to the credit of defendant Lura A. Hubbard, as trustee. At the trial of this case, with the consent of plaintiffs and defendants, plain-

tiffs dismissed said action against defendants Joseph Zukin Blouses and Joseph Zukin, it appearing that they made no claim to the funds in question. Judgment was rendered in favor of defendant Lura A. Hubbard, and from this judgment plaintiffs appeal.

No oral testimony was introduced at the trial. The case was tried and decided upon documentary evidence, admissions in the pleadings and stipulations of counsel. The facts of the case are substantially as follows:

At all times mentioned in the pleadings the Joseph Zukin Blouses was a California corporation. Some time prior to the events named in the pleadings said corporation had ineffectually attempted to change its name to that of Joseph Zukin Inc., and thereafter the said corporation continued to do business under the name of Joseph Zukin Inc.

On January 23, 1931, Lura A. Hubbard, as the owner of the property described in the complaint, entered into a lease of said property with Joseph Zukin and said corporation for the term of twenty-five years at an agreed monthly rental. This lease, among other things, provided that the lessees have deposited $20,000 with the lessor as security for the full and faithful performance of each and every of the terms, covenants and conditions of the lease to be performed by the lessees, and further provided that if at any time the lessor applies the whole or any part of said sum to cure any default of lessees, then the lessees shall deposit an amount equal to the sum so applied by the lessor, so that the security held by the lessor shall be the sum of $20,000.

On July 16, 1931, the first modification of the lease was executed; the effect of this modification was only to reduce the monthly rental for a short period. The second modification was made on March 22, 1932, and gave to respondent the sole right to collect and disburse the money collected from the sub-lessees occupying the said property.

On February 2, 1932, the lessor applied the $20,000 on rents then due, leaving a balance of $500 of rents still due. On May 24, 1932, appellants recovered judgment against defendant Joseph Zukin Blouses, doing business under the name of Joseph Zukin Inc. and Joseph Zukin, in the sums of $6,553.33 and $8,140, and about December 1, 1932, caused executions to be issued against Joseph Zukin Blouses and respondent, and levied upon various tenants of said leased property, and

upon $8,054.35 deposited in the Security First National Bank of Los Angeles by respondent Hubbard from rents collected by her by virtue of the authority given her under the second modification of the lease, also upon the $20,000 given by the lessees to the lessor as security aforesaid.

On March 8, 1932, the Joseph Zukin Blouses having failed to pay its franchise tax, was suspended from further exercising its powers, rights and privileges as a corporation.

█ Appellants contend that the judgment should be reversed for two principal reasons. First, because the second modification of the lease is void, having been executed after the powers of the corporation had been suspended, and secondly, because applying the $20,000 which has been deposited as security for the faithful performance of the lease by the lessees, was void because it was a forfeiture, as provided by section 1670 of the Civil Code.

Prior to 1929 every contract entered into by a corporation after its suspension for failure to pay its franchise tax was declared to be void.

In 1929 the Bank and Corporation Franchise Tax Act was enacted and by section 32 of that act it is provided that failure to pay the said tax suspended the powers, rights and privileges of the corporation so failing, but also provided that every contract made in violation of this section should be voidable. (Stats. 1929, pp. 19, 33.) In 1931 this same provision making contracts voidable under said section 32 was continued in force by amendment of said section 32, Statutes of 1931, page 2228.

█ A voidable act takes its full and proper legal effect unless and until it is disputed and set aside by some tribunal, entitled so to do. (Bouvier's Law Dictionary, 3406.) "Voidable" means subject to be avoided by judicial action of a court of adequate jurisdiction. (8 Words and Phrases, 7342.) And a voidable contract is one which is void as to the wrongdoer but not void as to the wronged party unless he elect to so treat it. (*Inlow* v. *Christy*, 187 Pa. 186 [40 Atl. 823].) A voidable contract is one which may be rendered null at the option of one of the parties, but is not void until so rendered. (*Meridian Life Ins. Co.* v. *Dean*, 182 Ala. 127 [62 So. 90].)

Inasmuch as the wronged party in the instant case has not by a judicial adjudication or otherwise declared the agree-

ment of March 22, 1932, void, we are of the opinion that the said agreement remains in full legal force and effect.

■ The second contention of appellants is that the application of the $20,000 deposited as security for the faithful performance by lessees of their obligations contained in the lease, is void for the reason that same is a forfeiture under the provisions of section 1670 of the Civil Code, and therefore appellant holds said sum as bailee for the use and benefit of the said lessees.

An agreement for the deposit of money as security for the performance of a lease is valid and enforceable. (*Gallagher* v. *McMann*, 119 Cal. App. 688 [7 Pac. (2d) 204].) The security clause in the said lease provides: "As security for the full and faithful performance of each and every of the terms, covenants and conditions of the lease to be performed by lessees, lessees concurrently with the execution of this lease, have deposited with the lessor the sum of $20,000.00.

"Lessees covenant and agree that if at any time the lessor shall apply the whole or any part of said sum, so deposited for the purpose of curing or towards curing any default hereunder on the part of lessees, lessees will immediately upon demand of lessor deposit with lessor an amount equal to the amount so applied by lessor to the end that the security in the possession of lessor shall always be the sum of $20,000.00."

■ One of the terms or covenants of the lease was the payment of the rent as therein specified. Lessees defaulted in the payment of rent until on February 2, 1932, there was $20,500 of rent due from them. Therefore on said last-named date the lessor applied the $20,000 to the payment of the overdue rent. That lessor had the right to do this is well settled. (*Green* v. *Frahm*, 176 Cal. 259 [168 Pac. 114]; *Knight* v. *Marks*, 66 Cal. App. 593 [226 Pac. 931].) In the case of *Green* v. *Frahm, supra*, the court said: "The other part of the clause providing for the deposit of $3,000.00 as guarantee for the payment of the rent, was for a legal purpose and was in all respects legal and enforceable. In virtue of that clause Frahm had the legal right in case of the failure of Cohn to pay rent, to retain the $3,000.00 and apply it on the rent until the same was exhausted."

■ We see no merit in the contention of appellants that the exclusive remedy of respondent to obtain legal title to the said $20,000 was to serve notice on the lessees demanding

payment of the rent past due or quit the premises as provided by sections 1161 and 1162 of the Code of Civil Procedure.

There was no attempt by this act of respondent to evict the lessees but only to collect the overdue rent. Even if the respondent had attempted to evict the lessees this statutory remedy was not the only one to which she could have had recourse. (*Universal Milk Co.* v. *Wood*, 205 Cal. 751 [272 Pac. 745].)

▮ The next contention of appellants is that the $8,054.35 deposited with the First National Bank of Los Angeles is held by respondent as agent or bailee for Joseph Zukin Blouses, and as such it is subject to appellants' executions on their judgments.

On March 22, 1932, when the agreement between Joseph Zukin Blouses and Joseph Zukin, and respondent was executed, the said corporation was indebted to respondent for money advanced by her for taxes and insurance on said premises and for unpaid rent in a sum of more than $20,000. By this agreement she was empowered to collect the rents from all sub-lessees of the said corporation and apply the sums so collected in payment of the accruing rent and the past indebtedness.

On December 1, 1932, the said corporation and Joseph Zukin were indebted to respondent for taxes and insurance advanced by her and for unpaid rent largely in excess of the amount on deposit in said bank. At the trial of this case Joseph Zukin Blouses and Joseph Zukin each disclaimed any interest in the funds aforementioned, and by stipulation the action was dismissed as to them.

It is well settled law that a creditor's bill will not lie to reach assets for which the debtor himself has not an actionable demand, and which he cannot recover in an action in his own name. (*Graves* v. *Arizona Central Bank*, 205 Cal. 715 [272 Pac. 1063] ; *Bank of Ukiah* v. *Petaluma Savings Bank*, 100 Cal. 590 [35 Pac. 170] ; *Noonan* v. *Stein*, 56 Colo. 64 [136 Pac. 1181] ; *German National Bank* v. *Hastings National Bank*, 59 Neb. 7 [80 N. W. 48].)

Under the agreement of March 22, 1932, and which continued in effect until after the levy of the appellants' executions, the said Joseph Zukin Blouses and Joseph Zukin surrendered to respondent all interests that they and each of them held in the rents from the premises mentioned therein,

and therefore they had no interest in funds collected by respondent arising from said rents.

The judgment is affirmed.

Thompson, J., and Pullen, P. J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 4, 1936.