**Appellate Department, Superior Court, Alameda**

[Civ. A. No. 75. Sept. 17, 1953.]

ANITA RICKER, Respondent, v. DONALD S. ROMBOUGH, Appellant.

Philip S. Ehrlich, Albert A. Axelrod and Irving Rovens for Appellant.

David K. Gilmore for Respondent.

HOYT, J.—This appeal involves the validity of a clause in a lease of real property providing for the acceleration of rent payments for default in payment of rent or violation by the tenant of any of the terms or conditions of the lease or in the event the premises are vacated by the tenant.

Respondent leased certain premises to appellant for a term of three years commencing on November 26, 1950, at a total rental of $2,700, payable in monthly installments of $75 on the 26th day of each month during the term of the lease, which contains the following conditions: ''This lease is made upon the express condition that if default be made in the payment of the rent above reserved, or any part thereof, or if lessee fails or neglects to perform, meet or observe any of lessee's obligations hereunder or if lessee shall abandon or vacate said premises, lessor or the legal representative of lessor at any time thereafter without notice or demand, may lawfully declare said term ended, and re-enter said demised premises, . . .

''Lessor may likewise at lessor's option and in addition to any other remedies which lessor may have upon such default, failure or neglect, give to lessee written notice of such default, failure or neglect and advise lessee thereby that, unless all the terms, covenants and conditions of this lease are fully complied with within thirty (30) days after the giving of said notice, the entire amount of rent herein reserved or agreed to be paid and then remaining unpaid shall immediately become due and payable upon the expiration of said thirty days and unless all the terms, covenants and conditions of this lease are fully complied with by lessee within said thirty days the whole of said rent shall immediately become due and payable upon the expiration of said thirty days without further notice to lessee.''

Appellant defaulted in the payment of rent due on September 26, 1951, he having previously vacated the premises during the month of July of that year. At the time of the trial of this action respondent had retaken possession of the premises

and was endeavoring to relet them. The trial court gave judgment in favor of respondent for the total amount of unpaid rent reserved in the lease, namely, $1,797.83.

Appellant urges that the acceleration clause in the lease is void as a penalty and as an agreement for liquidated damages in violation of section 1670 of the Civil Code. In support of his position that rent acceleration clauses in leases of real property are valid, respondent relies upon the cases cited in the annotations to be found at 58 American Law Reports 300 and 128 American Law Reports 750, and upon the further grounds that rent acceleration clauses are similar to acceleration clauses in promissory notes, the validity of which is unquestioned, and that since the parties could, in the first instance, have contracted for the payment in advance of the entire amount of rent reserved they have a right to contract that the entire amount of rent reserved shall be payable upon the happening of any contingency.

The cases cited in the American Law Report annotations, *supra*, afford little help in this situation for the reason that none of them refer to any statutory law such as sections 1670, 1671 and 3302 of our Civil Code and in these cases the courts' views concerning penalties are not in accord with the California decisions on the subject. The American Law Report annotations cite cases from Pennsylvania, New York, Louisiana, Kansas, Alabama and South Carolina.

In Pennsylvania such provisions are valid even though they ''are in the nature of penalties.'' (*Moretti* v. *Zanfino,* 127 Pa.Super. 286 [193 A. 106, 108].)

The New York cases cited hold that clauses providing for acceleration of rent payments upon default in the payment of rent are valid provided there is no provision for acceleration for other defaults but that if such a clause provides for acceleration of rent payments for other breaches, in addition to the failure to pay rent, the provision imposes a penalty and is void. (*884 West End Ave. Corp.* v. *Pearlman,* 201 App.Div. 12 [193 N.Y.S. 670] ; *Belnord Realty Co.* v. *Levison,* 204 App.Div. 415 [198 N.Y.S. 184].)

Louisiana, without reference to any statute such as we have in California and without considering whether such clauses are penal in nature, holds provisions for acceleration of rent payments upon violation of any condition of the lease ''are lawful and are binding upon the parties.'' (*Shepard Realty Co., Inc.* v. *United Shoe Stores Co., Inc.,* 193 La. 211 [190 So. 383, 388].)

The Alabama cases permit the enforcement of rent acceleration clauses provided the tenant is allowed to remain in possession but make no reference to the question of whether such a provision is a penalty and no reference to any statutory provisions on the subject. (*Maddox* v. *Hobbie,* 228 Ala. 80 [152 So. 222]; *H. M. Price Hardware Co.* v. *Meyer,* 224 Ala. 35 [138 So. 543].)

The Kansas case cited, *Erickson* v. *O'Leary,* 127 Kan. 12 [273 P. 414, 415], disposes of the contention that the rent acceleration clause under consideration "is in the nature of a penalty as distinct from liquidated damages" with a quotation from 17 Corpus Juris 933: ". . . a penalty is in effect a security for performance, while a provision for liquidated damages is for a sum to be paid in lieu of performance." And the comment, "There is nothing in the record to indicate that plaintiff's damages were less than the stipulated rent."

In the South Carolina case cited, *Gentry* v. *Recreation, Inc.,* 192 S.C. 429 [7 S.E.2d 63, 65, 128 A.L.R. 742], the court, in discussing a rent acceleration clause said: "The question thus presented is an interesting one and of novel impression in this state. . . .

". . . While this clause might not be considered unconscionable, we think it may be justly and reasonably construed as in the nature of a penalty and thus so far enforceable as to support a cause of action in favor of the lessors against the lessee for the actual damages sustained, the measure of which must be affected by the duty of minimizing damages, especially since the removal by the lessee had the effect of restoring the possession of the premises to the lessors. . . . Manifestly the lessors in the instant case could not claim that they were entitled to the full amount of the rent for the remainder of the term of the lease and also the right to the possession of the premises."

Decisions from other jurisdictions not based upon code sections similar to ours have little persuasive value in a situation such as this. "In states like California, however, which have code sections governing the matter of liquidated damages, the courts cannot disregard the plain provisions of the statute." (*Rice* v. *Schmid,* 18 Cal.2d 382, 387 [115 P.2d 498, 138 A.L.R. 589].)

While the appellate courts of this state have not specifically passed upon the validity of rent acceleration clauses in leases of real property, they have clearly established the principles to be applied in determining the validity of such a provision.

█ Where the damages resulting from the breach of a lease are readily ascertainable a provision for liquidated damages is to that extent void. (Civ. Code, §§ 1670, 1671; *Knight* v. *Marks*, 183 Cal. 354 [191 P. 531]; *Knight* v. *Marks*, 66 Cal.App. 593 [226 P. 931]; *Servais* v. *Klein*, 112 Cal.App. 26 [296 P. 123].)

The damages resulting from the breach of a covenant to pay rent are readily ascertainable. "The detriment caused by the breach of an obligation to pay money only, is deemed to be the amount due by the terms of the obligation, with interest thereon." (Civ. Code, § 3302.) █ In *Knight* v. *Marks*, 183 Cal. 354, 357 [191 P. 531], the Supreme Court said: "Where the lease has not expired and a forfeiture and restitution is not sought, the measure of damage for a breach of the covenant to pay the rent fixed by the lease is the amount of the rent unpaid and no more. It could not be difficult or impracticable to fix the damages in such a case. It was a breach of an obligation to pay money only and the damages was 'the amount due by the terms of the obligation, with interest thereon' (Civ. Code, Sec. 3302.)" In *Jack* v. *Sinsheimer*, 125 Cal. 563, 566 [58 P. 130], the court held that "When a tenant fails to pay rent as provided in the lease, the amount of damage is not extremely difficult to fix, and it certainly is not impracticable to fix the amount of such damage."

█ A provision in a contract requiring the payment of a specified sum of money, without reference to the actual damage sustained, for the breach thereof is a penalty and therefore unenforceable. █ In *Dyer Bros. Golden West Iron Works* v. *Central Iron Works*, 182 Cal. 588, 592 [189 P. 445], it is stated: "While the terms by which the parties designate the sum decided upon are to be considered in ascertaining the purpose and intent in stipulating the amount to be paid in case of a breach, such terms are by no means controlling and, even though the term 'penalty' is used, it must be ascertained from a consideration of the nature of the agreement whether there was an actual intent to prescribe a penalty, that is, *an intent to determine and define the liability in the case of a breach of the contract without any reference to the actual damage likely to be sustained.*" (Italics ours.) The decision in *Anaheim Citrus Fruit Assn.* v. *Yeoman*, 51 Cal. App. 759, 761 [197 P. 959], contains the following: "Aside from any provision of statute, it has long been held under decisions having their basis in the common law that a contract

is not enforceable where a sum of money as a penalty is provided to be paid in the event of a breach, and where the sum fixed has no reference to, and finds no support in, the amount of actual damage sustained by the complaining party.''

In *Freedman* v. *Rector, Wardens & V. of St. Mathias Parish,* 37 Cal.2d 16, 21 [230 P.2d 629], the following appears: '' 'A penalty need not take the form of a stipulated fixed sum; any provision by which money or property would be forfeited without regard to the actual damage suffered would be an unenforceable penalty.' (*Ebbert* v. *Mercantile Trust Co.,* 213 Cal. 496, 499 [2 P.2d 776].)'' In the recent case of *Atkinson* v. *Pacific Fire Extinguisher Co.,* 40 Cal.2d 192, 197 [253 P.2d 18], the Supreme Court again refers to the fact that a penalty bears no reasonable relationship to the loss sustained in these words, ''To hold that the parties have not entered into a valid contract for liquidated damages, it would be necessary to construe the agreement as one for a penalty wherein the amount agreed upon bore no reasonable relation to the losses the parties considered might be sustained.''

The United States Circuit Court of Appeals in *Moore* v. *Investment Properties Corp.,* 71 F.2d 711, 713, 719, held that, under California law, a clause in a lease giving the lessor the option in the event of a default in the payment of rent to reenter upon the premises and '' 'in such an event the Lessee shall pay to the Lessor the difference between the reasonable rental value of said premises for the balance of the term hereof at the time of such re-entry and the rental and other sums to be paid to the Lessor by the Lessee hereunder during the balance of the term hereof' '' was invalid under sections 1670 and 1671 of the Civil Code. In this connection the court stated: ''The measure of actual damages is fixed in California as the difference between the rent reserved in the lease and the rent received by the landlord after forfeiture, provided he proceeds in good faith and with diligence to relet the premises for and on account of the tenant. Two recent cases in California have stated the well-settled rule, *Phillips-Hollman, Inc.* v. *Peerless Stages, Inc.,* 210 Cal. 253, 291 P. 178; *Treff* v. *Gulko,* 214 Cal. 591, 7 P.(2d) 697. It seems reasonably clear without resort to decisions of the California court other than those bearing on the general proposition as to the validity of provisions for liquidated damages under the two Code sections quoted, that we have in the case at bar an attempt to substitute an agreement for

liquidated damages for a certain and definite measure of damages fixed by the law providing for an amount readily ascertainable at the end of the term by subtracting the rent received from the rent reserved.''

From the foregoing it follows that a provision in a lease of real property for rent acceleration upon breach of a covenant to pay rent is unenforceable and void as being either an agreement for liquidated damages when the damages are readily ascertainable or a penalty. This is particularly true in this case for the reason that the lease here under consideration expressly declares the rent acceleration clause to be ''in addition to any other remedies which lessor may have upon such default, failure or neglect.'' Under this lease, upon any default of the lessee, the lessor has the right to terminate the lease and reenter the premises and at the same time sue for all of the unpaid rent reserved for the entire term of the lease. Such a provision has no relation whatever to the actual damages which may be sustained and is the clearest kind of a penalty. The validity of a liquidated damage clause is to be determined at the time the lease is entered into. (*Hanlon Drydock, etc. Co.* v. *G. W. McNear, Inc.*, 70 Cal.App. 204 [232 P. 1002]; *Better Food Markets, Inc.* v. *American Dist. Tel. Co.*, 40 Cal.2d 179 [253 P.2d 10]; *Atkinson* v. *Pacific Fire Extinguisher Co., supra.*)

Respondent urges that rent acceleration clauses in leases are similar to acceleration clauses in promissory notes, the validity of which is, of course, unquestioned. We cannot agree that these two types of clauses are similar. In leases the tenant pays rent for the possession and use of the property leased. In promissory notes the borrower pays interest for the possession and use of the money loaned. For an acceleration clause in a note to be similar to a rent acceleration clause in a lease it would have to provide that upon default all of the interest agreed to be paid should become immediately due and payable. Note acceleration clauses provide for acceleration of the payment of the principal sum loaned not for acceleration of interest. Concerning a similar contention made in *Gentry* v. *Recreation Inc., supra,* at page 65, the court said: ''The view taken by appellant is that such a clause is effective for this purpose because, among other things, it is a well-established principle that if a debt is payable in installments it is perfectly legal to provide that upon failure to meet any installment, or in certain other contingencies, the entire

amount of the debt shall become immediately due and payable. There is, however, quite an obvious difference between the acceleration of an ordinary debt and the acceleration of rent. In the case of an ordinary debt the debtor has already received the entire consideration, either in money or in property, while in the case of rent an acceleration would require him to pay for that which he has not yet received.''

█ Finally respondent argues that since the parties could in the first instance have contracted for the payment in advance of the entire amount of rent reserved, they have a right to contract that the entire amount shall become payable upon the happening of any contingency. This is a *non sequitur*. This reasoning, in effect, says that since in the instant case the parties could have agreed that the rent would be $150 per month they could provide that for breach of the covenant to pay rent the rent should be doubled. Under the cases heretofore cited, obviously this would be a penalty.

Appellant also makes the point that the notice of default given in this case was insufficient. However, it is unnecessary to consider this point in view of our conclusion that the clause in question is unenforceable and void.

With his answer defendant filed a cross-complaint upon an open book account. The trial court upon conflicting evidence rendered judgment against cross-complainant. There is evidence to sustain this part of the judgment and, consequently, that part should be affirmed.

The judgment for plaintiff on his complaint is reversed and the cause is remanded for a new trial upon the issue of the amount of actual damage suffered by the lessor. The judgment against the cross-complainant on his cross-complaint is affirmed.

Wagler, J., and Ledwich, J., concurred.