No. 28,435.

HARRY T. ERICKSON, *Appellee*, v. WALTER O'LEARY, *Appellant.*

(273 Pac. 414.)

Opinion filed January 12, 1929.

*Aaron Coleman,* of Hutchinson, for the appellant.
*Carr W. Taylor,* of Hutchinson, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action for rent stipulated in a farm lease to be paid. It was tried to the court, judgment was for plaintiff and defendant has appealed.

Plaintiff owned an 80-acre farm in Reno county on which he lived with his family. Defendant was familiar with the place and on two or more occasions had talked with plaintiff about renting it, and on one occasion had been in the house. On February 15, 1927, a lease was executed by them by which plaintiff leased to defendant the farm for one year. The lease contained many provisions usual in farm leases. Among other things the lessee agreed to properly prepare and put in crop all the land in cultivation; to accept said farm and improvements in their present condition, and to reside on said

premises continuously, and to pay as rent $350, of which $200 was to be paid March 10, 1927, and $37.50 on the tenth day of each month for four months thereafter. The lease contained the provision:

"All payments from said lessee shall become due and payable upon the forfeiture of this lease or upon his abandoning said premises."

Also the following:

"Additional stipulation: In case of failure to make payments as aforesaid lessor to be entitled to immediate possession of said premises and interest of lessee to be terminated except as to the obligation to pay said rental."

About March 1 plaintiff moved to another farm about eighteen miles away and defendant moved some farm implements and a load of hay to the leased premises, and he and his boy did some work about the place for a day or two; but he never moved his family there, and later moved away the things he had taken there. A day or two later he met plaintiff and told him that he was going to back out of his contract, and plaintiff replied that the rent would have to be paid. About a week later defendant saw plaintiff again and said he had decided not to take the place. "You do whatever you want to . . . I don't want it." He did not pay the rent due March 10, nor any rent. Plaintiff, by his own efforts and through real-estate agents, tried to find another tenant, but it was after March 1, when tenants ordinarily move onto farm premises for the year, and he was unable to do so. About March 18 plaintiff traded the farm to one J. T. Randles, to whom he conveyed it by deed.

One defense pleaded was that the residence on the farm was not in good condition, and that plaintiff had agreed to put it in good condition and had failed to do so. What talk there was about that matter was before the lease was executed in which defendant agreed "to accept said farm and improvements in their present condition." There was no claim that there was fraud which induced defendant to execute the lease, nor did defendant claim that he did not know the contents of the lease when he signed it. So that defense failed.

Appellant argues that Randles, if anyone, would be entitled to the rental, citing R. S. 67-516. This statute has no application here. Defendant was not in possession of the premises as tenant when Randles acquired title thereto, or at any time thereafter. He had abandoned the premises and refused to pay rent or otherwise comply with the lease before that time, and under the terms of the lease

plaintiff's right to possession of the premises and his obligation to pay rent to plaintiff had become fixed.

It is argued that the lease was terminated by mutual consent. There is no evidence to support this view, and the findings and judgment of the trial court are against it.

Lastly, it is argued that the provision to pay rent in the event the lessee abandoned the premises is in the nature of a penalty as distinct from liquidated damages, and several cases construing contracts of a different character than the one before us are cited. The cases are not in point. In 17 C. J. 933 it is said:

"The distinction between penalty and a provision for liquidated damages is that a penalty is in effect a security for performance, while a provision for liquidated damages is for a sum to be paid in lieu of performance."

But we need not go into an extended discussion of this question and the many cases that have been passed upon by the courts concerning it. Here is an agreement which the parties were competent to make. It was not induced by fraud. It contemplated that defendant should have possession of the premises for the term, but specifically provided that the rent should be paid in any event, even though defendant abandoned the premises or the lease were forfeited. The evidence is that plaintiff made diligent efforts to find another tenant, but was unable to do so. There is no contention on behalf of defendant that a tenant was, or could have been, found. Plaintiff was confronted with the alternative of permitting his land to lie idle and the improvements unoccupied and uncared for, or disposing of the place. There is nothing in the record to indicate that plaintiff's damages were less than the stipulated rent.

The judgment of the court below is affirmed.