[Sac. No. 4296. In Bank.—July 16, 1930.]

CLINTON L. WALKER, Appellant, v. BERT G. DOAK et al., Respondents.

Cleveland R. Wright and Robert Duncan for Appellant.

Downey & Chester, Theodore W. Chester, Louis Ferrari, Edwin M. Otis and Edmund Nelson for Respondents.

TYLER, J., *pro tem.*—This action was brought by plaintiff, a creditor of a beneficiary under a certain trust, to recover the sum of $5,000, said amount being the entire interest which such beneficiary had under the trust. The action is against Bert G. Doak and Fred M. Doak, individually and as trustees, and Robert J. Finnie, upon alleged rights created

by virtue of certain attachment and garnishment proceedings issued upon a judgment against the beneficiary, one Claude K. Doak. The other defendants were joined as parties for the alleged reason that they claimed an interest in the fund. Defendant Sullivan claimed the money by virtue of an attachment levied thereon. The Hotel Plaza Company made claim thereto by virtue of an assignment. The Bank of Italy was a mere stakeholder and was interested only in a nominal charge for escrow fees which were allowed by the court. Mrs. C. W. Finigan claimed a portion of the fund under an assignment. The defendant trustees claimed that they had, prior to the levy, paid Claude K. Doak, the debtor, as beneficiary, a portion of the sum amounting to $3,000; that the balance of $2,000 was covered by an assignment executed by Claude K. Doak.

The trial court found that plaintiff was not entitled to a judgment against any of the defendants. The findings were against Sullivan and the hotel company and they have not appealed. Plaintiff appeals and urges several reasons why the judgment should be reversed. The facts giving rise to the controversy show that on March 30, 1922, one Sarah M. Doak executed a trust conveyance to her sons Fred M. Doak and Bert G. Doak, whereby there was conveyed in trust certain real and personal property for definite purposes including her future support. The trustees were given full power to manage and control the property and the trust conveyance provided, among other things, that upon a sale of the real property there should be paid the sum of $5,000 to each of her five sons, among whom was Claude K. Doak, and it is his interest in the trust estate that forms the subject of this controversy. Included in the property in the hands of the trustees were certain reclamation bonds. The record does not show the source from which these bonds were derived, and there is nothing to indicate that they were a part of the trust fund. The trustees delivered to each of the five sons of the trustor three of these bonds of the value of $1,000 each as an advancement upon the $5,000 that each was to receive under the terms of the trust when the real property was sold. Upon receiving his bonds Claude K. Doak executed a receipt to the trustees for the same. This document recited that the bonds were delivered as part payment of the $5,000 which Doak was to

receive. Subsequent to this transaction Claude K. Doak borrowed from defendant Mrs. C. W. Finigan the sum of $500. Mrs. Finigan was formerly the wife of D. P. Doak, from whose estate all the property comprising the trust funds was derived. Claude K. Doak being in need of further funds desired to borrow an additional sum from Mrs. Finigan. In company with his mother, the trustor, they visited Mrs. Finigan and importuned her to make the loan. She finally agreed to do so, provided Claude K. Doak would assign to her the balance of the amount due him under the trust. This he agreed to do. In conformity with this agreement an assignment was made of the balance of the fund of $2,000 which exactly covered the amounts Mrs. Finigan had advanced to Doak. The trustees were served with notice of the assignment. Mrs. Finigan, in making the loans, gave her checks for the amounts. Subsequent to these transactions and on May 23, 1923, the trustees entered into an agreement with defendant Robert J. Finnie whereby they agreed to sell to him and he agreed to purchase from them, the land mentioned in the trust conveyance for the sum of $29,300. Thereafter, and prior to the time any payments were made by Finnie to the trustees, on account of the sale, plaintiff caused an attachment to be issued upon the land and also caused garnishments to be levied upon the trustees personally but not in their representative capacity, upon the interest that Doak had in the trust estate. Garnishment was also served upon the purchaser, Finnie. There being a cloud upon the title to the property, apart from the attachment and garnishments, defendant Finnie entered ino an agreement with the trustees to deposit the amount of the purchase price of the lands in escrow with the Bank of Italy until such time as the title could be perfected. In conformity with this agreement, Finnie made a deposit of the sum of $12,963 and he subsequently paid the balance. Finnie thereupon commenced an action against plaintiff herein to quiet title to the real property involved. Judgment went in his favor and the judgment was affirmed on appeal. (*Finnie* v. *Smith*, 83 Cal. App. 707 [257 Pac. 866].) In this action plaintiff was denied a lien by reason of his attachment. He now relies upon the garnishments served upon the trustees and Finnie. By their answers both defendant trustees, and Finnie, denied that they had any funds in their hands

belonging to Doak at the time the garnishments were served. The trustees set up their partial payment to Doak and the assignment by him of the balance of the fund to Mrs. Finigan and Finnie denied that he was indebted to Doak in any amount. As above stated, judgment went against plaintiff and in support of his appeal he urges several reasons why the judgment should be reversed. He first claims that the trustees had no power under the provisions of the trust to advance Claude K. Doak the bonds mentioned in lieu of the sum of $3,000 or any sum that might be derived from the sale of the lands. In other words he claims that the payment was premature and beyond the power of the trustees to make; that it operated to the disadvantage of creditors of the *cestui que trust*, Doak, and in consequence the trustees have become personally liable to the creditors of such beneficiary. ■ It is, of course, elementary that trustees are bound to comply strictly with the directions contained in the trust instrument defining the extent and limits of their authority, and the nature of their powers and duties. It is also true, where a trust in relation to real property is expressed in the instrument creating the estate, that every transfer or other act of the trustees in contravention of the trust is void. Our code expressly so provides. (Civ. Code, sec. 870.) ■ The trust here involved, however, was not one created for the benefit of creditors, and there is nothing contained in the terms of the trust that prevented a transfer by the beneficiaries of their interest therein. Plaintiff is therefore in no position to raise this question. ■ An attaching creditor takes only such rights or interest that his debtor has. Doak, having received and retained the bonds, he was in no position to question the validity of the transaction and he is not here complaining. His creditors stand in his shoes and have no greater rights than he has. Where a *cestui que trust* has assented to or concurred in a breach of a trust of the character here involved, assuming it to have been a breach, or has subsequently acquiesced in it, he cannot afterward proceed against those who would otherwise be liable. (26 R. C. L., p. 1324.) A creditor has no better claim to a fund than the beneficiary has, and when the latter has no right to maintain an action for it, garnishment against the trustee by the creditor is unavailing. It may be stated broadly that to render the garnishee liable, it is

requisite that it appear in the garnishment proceedings that the garnishee has in his possession property, credits or effects belonging to the debtor. The general rule is that a creditor stands in exactly the same attitude in relation to a garnished fund that the judgment debtor does, and can enforce only such. rights as the debtor himself might enforce. (12 R. C. L., p. 778.) The very purpose of garnishment being to subject defendant's property to plaintiff's claim, it is obvious that the ultimate question in garnishment proceedings is whether the property belongs to the defendant. Plaintiff's rights in this regard cannot rise higher than his debtor.

Appellant next contends that the assignment of the balance of the fund by Doak to Mrs. Finigan was and is void for the reason that it was made to a fictitious person, contrary to the provisions of sections 2466 and 2468 of the Civil Code. Upon this subject the testimony shows that the assignment was made to Jenny May Doak estate. As above narrated, Mrs. Finigan was a former wife of D. P. Doak. Upon her divorce from Doak and prior to her marriage to Mr. Finigan, she was known as Jenny May Doak and her property was held by her under the name of Jenny May Doak estate. After her second marriage she continued to so hold it in order to prevent a confusion with the property owned by her husband. The provisions of the Civil Code permit of the right to do business under a fictitious name. Section 2466 requires that every person doing business in this manner shall file with the county clerk a certificate containing his full name and other details. The penalty for noncompliance with this section is set forth in section 2468 of the same code. It is there provided that no person doing business under a fictitious name shall maintain any action upon contracts made under such name in the absence of a compliance with the statutory provision. The record shows that Mrs. Finigan had fully complied with the law in this respect. A certificate to do business under the name of Jenny May Doak estate was in evidence as was also an affidavit to the effect that publication of the certificate had been made in conformity with the statute. Moreover, Mrs. Finigan is not maintaining an action but on the contrary she is being sued. There is therefore no merit in this claim.

Finally, appellant claims that in any event defendant Finnie is liable for the whole amount of $5,000 sued for, by reason of the garnishment, said sum being the interest that Claude K. Doak had in the trust fund originally. We cannot subscribe to this contention. As above pointed out at the time the garnishment was served upon Finnie, Doak had parted with all interest he had in the fund. Property which has been transferred or assigned by a defendant cannot subsequently be subjected to garnishment. Then, again, plaintiff acquired only such rights against the garnishee as Doak himself had. ██ Finnie owed Doak nothing. No relation of debtor and creditor existed between them. Finnie's obligation was to the trustees under his contract. He was under no obligation to pay Claude K. Doak or the other beneficiaries anything. The whole estate was vested in the trustees, subject only to the execution of the trust. (Civ. Code, sec. 863.) The beneficiaries took no estate in the property but had only the right to enforce the provisions of the trust. None of the beneficiaries had any claim upon Finnie personally which they could have enforced by legal action and certainly creditors, claiming under them, had none. It is a cardinal principle of the law of garnishment that a right of action at law must exist between the principal debtor and the person contemplated as a garnishee before garnishment can become efficient. Moreover, as above pointed out, Doak had parted with all interest which he had in the trust fund. He had no right of action at law against anyone, much less against the purchaser, and his creditors therefore could have none. The relation of debtor and creditor never existed between Doak and the purchaser. Under these circumstances the garnishment created no rights in favor of plaintiff.

From what we have said it follows that the judgment should be and it is hereby affirmed.

Waste, C. J., Curtis, J., Shenk, J., Seawell, J., and Richards, J., concurred.

Preston, J., deeming himself disqualified, did not participate in the foregoing.

Rehearing denied.