[Civ. No. 10097. Second Appellate District, Division Two.—June 21, 1935.]

LAW CREDIT COMPANY (a Corporation), Plaintiff, v. MERCHANTS NATIONAL TRUST & SAVINGS BANK (a Corporation) et al., Defendants; HAMMOND LUMBER COMPANY (a Corporation), Cross-Complainant and Appellant; BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION, Cross-Defendant and Respondent.

718

Horton & Horton, Joseph K. Horton and Holbrook, Taylor, Tarr & Horton for Appellant.

Freston & Files, Louis Ferrari and Edmund Nelson for Respondent.

CRAIL, J.—This appeal is from a judgment holding that certain moneys were not subject to garnishment. The writ of

garnishment was issued in behalf of the Hammond Lumber Company, which is the appellant in this action. The Ripley Improvement Company, hereinafter called Ripley, was the principal debtor. The writ was served on the Merchants National Trust and Savings Bank, as garnishee. That bank, together with the Hellman Commercial Trust and Savings Bank, the Bank of America of California, and the Bank of America National Trust and Savings Association, which latter is the respondent herein, are frequently mentioned in the record. Because of succession and unity of interest, these four banks may be considered as one entity. In order to save confusion we are adopting respondent's suggestion that these banks be referred to as ''the bank'' where the context permits. The respondent says, ''A single question is presented, and that is: whether the writ of garnishment at the time it was served made the garnishee liable with respect to a certain sum of money in its hands.''

The moneys sought to be reached by the garnishment were on deposit with the bank under written stipulations entered into between the parties to an action brought by Ripley against the bank to recover certain shares of corporate stock which Ripley owned and to the possession of which Ripley was entitled, but which the bank refused to deliver to Ripley. That action at the time of the garnishment was on appeal from a judgment requiring the return of the stock to Ripley. The stipulations provided in effect that the corporate stock should be liquidated and that all of the proceeds of the liquidation should be deposited with the bank in lieu of the corporate stock, and that ''the said moneys be held in a special deposit carrying interest at 4% per annum to await the final determination of this action''. Respondent puts it tersely, as follows: ''If the bank won, it would be the bank's money. If Ripley won, it would be Ripley's money.'' And Ripley won. It was the clear purpose and intent of the stipulations that the money should be substituted for the corporate stock. The stipulations contained the provision that the deposit ''shall be without prejudice to the parties hereto''.

The respondent contends that the garnishment created no liability on the garnishee, because at the time of the levy of the writ the money was not due to Ripley nor was it certain to become due at a subsequent time but that its payment

was contingent upon the final determination of the action on appeal. However, the corporate stock was due to Ripley at the time the suit for the recovery of the stock was commenced. It was due just as much then as it was when the judgment for its return was entered or when the judgment was affirmed on appeal. The fact that the stock was wrongfully withheld and thrown into litigation is no basis for the claim that it was not due. Money or property which is due can be wrongfully withheld and thrown into litigation. A judgment that it be returned or paid does not make it due. Such judgment is rendered because the property or money was due at the commencement of the action. As the money under the stipulations merely took the place of the stock without prejudice to the parties, it was due even though it was withheld, as the stock had been withheld. Respondent contends that in any garnishment proceeding the principal debtor must have a right of action at law against the garnishee before garnishment can become effective, citing *Walker* v. *Doak*, 210 Cal. 30 [290 Pac. 290]. In this case the principal debtor not only had a right of action at law but he had commenced the action and had prosecuted it to judgment.

Respondent also contends that the moneys on deposit under the stipulations are held by the bank as trustee and are therefore free from garnishment. However, the funds are held by the bank as bailee or as depositary, and as such are subject to garnishment.

And finally respondent contends that if it be held that the funds on deposit with the bank are available to the writ of garnishment, then, nevertheless, the bank is entitled to offset, by reason of assessments upon the stock paid by the bank from August, 1923, to July, 1925, amounts which with interest thereon amounted to $6,850, at the time the Ripley case was finally decided. When the bank took over from the Peoples Trust and Savings Bank of Riverside Ripley's corporate stock and the collateral note which the stock secured, the bank was not an innocent purchaser for value but held the same subject to existing equities and defenses which Ripley might have. Under these conditions whatever assessments on the stock were paid by the bank were paid at the bank's own peril. The bank knew when it exacted from Ripley the payment of $38,000 to redeem Ripley's bonds, which

were wrongfully pledged to the bank, that Ripley had a claim against the Peoples Trust and Savings Bank on account of the unauthorized and wrongful pledge by it of said bonds to the bank. This was before any of the assessments were paid by the bank. Moreover, the bank had in its possession several times $6,850, against which Ripley had a legal right to offset any moneys paid by the bank on account of the assessments, as will appear from the following quotation from the opinion of the District Court of Appeal in the case of *Ripley Imp. Co.* v. *Hellman Commercial etc. Bank,* 90 Cal. App. 83, at 91 [265 Pac. 835], which is the case in which the right of Ripley to the return of the stock was finally determined, to wit: ''It is not contended by the appellants (the bank herein) that the bonds in question at the time they were turned over to the Hellman Bank by the Peoples Bank were not the property of the plaintiff (Ripley) or that when the Hellman Bank received them it had a legal right to their possession. . . . We are of the opinion that at no time did the Hellman Bank have any right to retain the bonds in question and had no legal right to exact the payment of $38,000 from the plaintiff (Ripley) as a condition to delivery of the bonds to plaintiff.'' The words in parentheses are put in by us for clearness. Under these facts the bank would not be entitled to offset against Ripley or against Ripley's garnishor the amounts paid on the assessments.

From the foregoing it appears that there is no reason why the bank should not be made to respond to the garnishment of appellant. The judgment is reversed with instructions to the trial court to enter judgment for the moneys deposited under the stipulations, together with the interest which has accumulated thereon.

Stephens, P. J., and Fricke, J., *pro tem.*, concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 19, 1935.