J. H. BOOGE, as Trustee, etc., Respondent, v. THE FIRST TRUST AND SAVINGS BANK OF PASADENA (a Banking Corporation) et al., Appellants.

Riccardi, Webster & Donahue, Laurence B. Martin and Samuel Reisman for Appellants.

G. M. Cuthbertson for Respondent.

BISHOP, J. pro tem.—In this creditor's suit the plaintiff sought and obtained a two thousand dollar judgment, against the defendant First Trust and Savings Bank of Pasadena, on the theory that that sum was due to defendant Reinicke from the defendant bank. Both the defendants have appealed from the judgment, and we are reversing it because the pleadings and the evidence both fail to show that any sum was yet due Reinicke.

The plaintiff had recovered a judgment against defendant Reinicke for over $5,700. Execution was issued and served upon the defendant bank on September 6, 1940. The bank responded that it had in its possession $2,000, which, as the trustee named in a certain trust indenture executed by Nannie Lackner (now deceased), it owed to defendant Reinicke, but, it contended, by virtue of a spendthrift provision in the trust indenture the $2,000 was not to be paid into creditors' hands. Supplemental proceedings brought the bank into court for examination as a debtor of plaintiff's judgment debtor, Reinicke, resulting in an order that this action might be brought, and that in the meantime the defendant bank make no transfer of the $2,000.

This action went to trial upon an amended complaint to which was annexed as an exhibit an admitted copy of the trust indenture. We shall not set forth in full its lengthy and somewhat intricate provisions. █ The net income of the trust was to be paid to the trustor, together with part of the principal, if that became necessary, and from the same sources sums up to $3,500 were to be paid the trustor's grandson for his college education. Then followed these provisions: "(2) Upon the death of the Trustor, the Trustee shall pay all of her just debts and the expense of her last illness, funeral and burial, and estate, inheritance or succession taxes, either directly or as the Trustee may be thereunto requested by any Executor or Trustor's last will and testament; and *thereafter* the Trustee shall administer and dispose of the trust estate as hereinafter provided;

"(3) The Trustee shall pay the sum of Two Thousand Dollars ($2,000.00) to GEORGE R. REINICKE, husband of Trustor's deceased daughter, ELSE LACKNER REINICKE, if he be living to receive the same, as my gift to him in memory of my said daughter;

"(4) In the event that Trustor's grandson, FRANCIS L.

BRYAN (born September 1, 1917), shall survive the Trustor and shall not have attained the age of twenty-six (26) years, at the date of the death of the Trustor, the Trustee shall set aside in a separate fund a sum of money, the amount of which shall be determined by deducting from the sum of Four Thousand Dollars ($4,000.00) such sums as during Trustor's lifetime shall have been paid by the Trustee to said FRANCIS L. BRYAN to apply toward the cost of his education. . . .

"(5) After making the payments and setting aside the fund authorized by the provisions of the immediately preceding sections (2), (3), and (4), the Trustee shall divide the trust estate then remaining, including accumulated income, if any, as well as principal, into four equal portions. . . ."

Nowhere in the amended complaint is there any allegation to the effect that the "thereafter" to which we gave emphasis as we quoted from the trust agreement, had arrived. There was no averment that there were no debts or funeral expenses to be paid, or that the usual bills attendant upon one's last illness and death had been met. The defendant bank, at the opening of the trial, stated its position to be "that the payment to the beneficiaries shall be made after certain other things had been done, and those things, some of them, have not yet been done" and added later: "In other words . . . Mr. Reinicke was not entitled to any money when the suit was filed or the levy made." This position was foreshadowed by allegations in the bank's amended answer, filed almost five months before the trial. From the colloquy which followed the statement of the bank's position before any evidence was taken, it appears that the construction to be placed upon the provisions which we have quoted had been considered and passed upon by the trial judge earlier in the case's history. At the trial there was no evidence that all of the just debts, or all of the expenses of the trustor's last illness, funeral and burial, or all of the estate, inheritance or succession taxes, which were to be paid by the trustee, had been paid. There was evidence that since the suit was commenced, December 21, 1940, various taxes, totalling $2,410 had been paid, at least one on account. Indeed, counsel for the plaintiff and counsel for the bank both stated that there were some taxes remaining unpaid at the time of the trial.

It is evident that the learned trial judge continued up to the entry of judgment to hold to the opinion which he had reached after the argument upon some law question which preceded the trial, that the payment of the $2,000 to Reinicke became due and payable upon the death of the trustor. We do not so interpret the trust indenture. Its provisions, in our opinion, require the conclusion that after the death of the trustor the trustee was first of all to pay the debts and taxes, as directed by subdivision (2) which we have quoted, and *thereafter* to pay the $2,000 to the trustor's son-in-law, defendant Reinicke, "if he be living to receive the same." The "gift" was contingent not only upon his outliving the trustor, but upon his living until her debts and the taxes had been paid. (*San Diego Trust etc. Bank* v. *Heustis* (1932), 121 Cal.App. 675, 694-697 [10 P.2d 158].)

Plaintiff suggests, we cannot fairly use a stronger word, that the contemporaneous construction put upon the trust by the trustee should be given weight in construing the trust agreement. No case was cited in support of this rule of construction, and we know of none that could be cited. It is the intent of the trustor, not of the trustee, that is to be given effect (*In re Gump's Estate* (1940), 16 Cal.2d 535, 548 [107 P.2d 17, 24]; *Title Ins. & Tr. Co.* v. *Duffill* (1923), 191 Cal. 629, 642 [218 P. 14, 18]), and we are unable to see in the activities of a trustee, not participated in or known to the trustor, any evidence of the intention of the trustor.

There is the further suggestion that it is not reasonable to interpret the trust agreement as postponing the payment of the $2,000 to Reinicke until after the payment of the debts and taxes because that interpretation would cause the payment of sums left for the maintenance and support of the trustor's children to be likewise postponed. We find the plaintiff much more solicitous that the trustor's children shall not long await the benefits of the trust, than was she. In three distinct places in the trust indenture it is expressly stated that the sum provided for the children shall be paid "after making the payments . . . authorized by the provisions of sections (2) [and] (3) . . . hereof," that is, after the debts and taxes were paid and after Reinicke received his $2,000. If these provisions result in delaying the disbursement to the children, and to Reinicke, for the "many months" which "it is well known" that it "frequently takes"

to determine the amount of taxes to be paid, as plaintiff argues, it is a result directly attributable to the language chosen by the trustor in her last amendment to the indenture which she executed. In an earlier amendment the trustee was authorized to pay, not taxes, but only ''the funeral expenses, expenses of the last illness, and such other just debts of the Trustor as may be presented to the Trustee within a period of sixty days immediately following the death of the Trustor. . . .''

After the sheriff served the garnishment upon the defendant bank, it, in harmony with the construction it had been placing upon the trust indenture, set $2,000 aside in a separate fund and credited itself with having discharged that amount of its trust. The trustee's misinterpretation of the provisions of the trust did not change those provisions, nor estop it now from relying upon them as properly understood. It may have been that but for plaintiff's garnishment a premature payment of the sum coming to Reinicke would have been made. As pointed out in a case having many parallels to this one, *Walker* v. *Doak* (1930), 210 Cal. 30, 34 [290 P. 290, 292], a payment, even if premature, leaves the beneficiary with no claim against the trustee, and a creditor is in no better position. In our case the bank has not made a premature payment, it has only made entries on its records, which it can remake.

Reinicke, it seems plain, could not on December 21, 1940, have successfully sued the bank for the $2,000 he hoped some day to receive. This being so, the plaintiff, who has no better standing than Reinicke had, cannot succeed in this action. (*Walker* v. *Doak, supra,* 210 Cal. 30, 34 [290 P. 290, 292]; *Estate of Bennett* (1939), 13 Cal.2d 354, 364 [90 P.2d 84, 126 A.L.R. 771]; *Depner* v. *Joseph Zukin Blouses* (1936), 13 Cal.App.2d 124, 129 [56 P.2d 574, 576].)

We do not deem it proper, on this appeal, where we are reversing the judgment because we are of the opinion that when the action was filed and tried the defendant bank was not indebted to Reinicke, to discuss the contention that if the bank had owed the $2,000 to him, the sum was protected, by provisions of the trust indenture, from the reach of his creditors.

The judgment is reversed.

Desmond, P. J., and Wood (Parker), J., concurred.