[Civ. No. 22306.   First Dist., Div. Two.   Sept. 29, 1965.]

PHILIP DiMARIA, Plaintiff and Appellant, v. THE BANK OF CALIFORNIA NATIONAL ASSOCIATION, Defendant and Respondent.

DiMaria, Daschbach, Donovan & Moses for Plaintiff and Appellant.

Pillsbury, Madison & Sutro, Maurice D. L. Fuller, Sr., Noble K. Gregory, and William C. Miller, for Defendant and Respondent.

TAYLOR, J.—In this creditor's suit and action for declaratory relief, plaintiff sought a judgment for $10,498 against the Bank of California (hereinafter referred to as bank), the trustee of an irrevocable trust created by plaintiff's debtor, Mary Alice Walton. The principal question on appeal is whether the trial court properly concluded that the corpus of the trust was not subject to plaintiff's claim.

The matter was submitted to the trial court on the following stipulation of facts: On June 1, 1959, Mrs. Walton, a widow with two grown children, executed an irrevocable trust agreement transferring most of her assets to the bank. The trust provided for the distribution of the entire net income to Mrs. Walton during her lifetime with the remainder on her death to her two children equally and gave the trustee the power to apply for Mrs. Walton's benefit so much of the principal as the trustee may deem advisable if, in the trustee's discretion, the trust income, together with Mrs. Walton's income from

other sources, should be insufficient to provide for her reasonable support, medical care and comfort.[1]

In 1960, Mrs. Walton commenced an action to cancel the trust against the bank and the remaindermen beneficiaries. The matter was tried and the conclusion of the superior court that the trust was irrevocable affirmed on appeal by this court (Division One) in *Walton* v. *Bank of California,* 218 Cal. App.2d 527 [32 Cal.Rptr. 856]. Appellant represented Mrs. Walton in that action and obtained a confession of judgment from her for $10,498 for legal services rendered. In 1962, he attempted to levy against the corpus of the trust pursuant to the confession of judgment. After the bank refused the levy, appellant commenced this action in 1963.

The parties further stipulated that all required procedure and steps had been taken to properly submit the issue of whether the corpus of the trust was subject to appellant's claim; that Mrs. Walton was entitled to the income of the trust and that appellant's claim was proper insofar as the income of the trust was concerned.

At the hearing, the trial court asked appellant (1) the value of the corpus, and (2) the income. Appellant answered the first by responding "about $750,000"; on the second question, he elected to stand on the stipulation (which contained no statement of income) and refused respondent's offer to stipulate that the information concerning income could be provided to the court. The court signed findings of fact and conclusions of law in favor of the bank and entered its judgment accordingly.

Preliminarily, we turn to appellant's contention that the trial court erred in making findings of fact, since the case was submitted on stipulated facts. ■ The submission of a case on stipulated facts does not necessarily render findings improper (*Stevenson* v. *City of Downey,* 205 Cal.App.2d 585 [23 Cal.Rptr. 127]). The findings here made were appropriate to apprize the appellate court of the basis of the lower court's decision. ■ The court properly based its judgment on the facts covered by the stipulation and in the record. Appellant particularly attacks finding No. 4 relating his refusal to enter a stipulation concerning the income of the trust. The

---

[1] Article I, paragraph 3 of the trust provides: "If the income from this trust, together with income which the Trustor has from other sources, shall be insufficient in the discretion of the Trustee to provide reasonable support, medical care and comfort for the Trustor, then the Trustee may pay to, or.apply for the benefit of the Trustor, so much of the principal as the Trustee may deem advisable. . . ."

refusal is clearly disclosed in the transcript of the trial and emphasizes appellant's desire to rest his case entirely on his asserted *absolute* right to reach the corpus of the trust.

We now consider whether the trial court properly concluded that the corpus of the Walton trust was not subject to appellant's claim.

To permit appellant recovery from the corpus without showing an inadequacy of Mrs. Walton's income from the trust and from other sources for her support would give him access to trust assets not reachable by the beneficiary nor payable to her within the *sound* discretion of the trustee. ▊ The general rule is that the creditor of a beneficiary under a trust has no more rights and can secure no greater benefits from a trust than the beneficiary himself (*Garcia* v. *Merlo,* 177 Cal.App.2d 434 [2 Cal.Rptr. 590]; *Booge* v. *First Trust & Sav. Bank,* 64 Cal.App.2d 532-536 [149 P.2d 32]; *Estate of Bennett,* 13 Cal.2d 354 [90 P.2d 84, 126 A.L.R. 771]; *Walker* v. *Doak,* 210 Cal. 30 [290 P. 290]).

Appellant, citing *Ware* v. *Gulda* (1954) 331 Mass. 68 [117 N.E.2d 137]; *Greenwich Trust Co.* v. *Tyson* (1942) 129 Conn. 211 [27 A.2d 166], and section 156[2] of the Restatement Second of Trusts, contends that we here have a "settlor's discretionary trust" which constitutes an exception to the general rule enunciated above. The cases cited are clearly distinguishable from the present case. In *Ware,* the settlor-beneficiary's creditor was allowed to prevail against trust property where payments to the beneficiary from both income and corpus were subject to the trustee's *absolute discretion.* In *Greenwich,* the court permitted the creditor of a settlor-beneficiary to come against the trust income where the payment thereof to the beneficiary was subject to the *absolute discretion* of the trustee. In both cases, the trust contained specific provisions against the alienation of their interest by the beneficiaries and the imposition of creditors' claims. Under these circumstances, it is understandable why the court should conclude that the trust was a mere subterfuge to insure the unbridled financial demands of the settlor and, at the same time, insulate his estate against the just claims of creditors.

---

[2]Section 156: "(1) Where a person creates for his own benefit a trust with a provision restraining the voluntary or involuntary transfer of his interest, his transferee or creditors can reach his interest.

"(2) Where a person creates for his own benefit a trust for support or a discretionary trust, his transferee or creditors can reach the maximum amount which the trustee under the terms of the trust could pay to him or apply for his benefit."

■ In the instant case, the trustee exercises no discretion in regard to the payment of the income from this sizeable estate. It must be given outright to the settlor and is subject to her alienation and to the claims of her creditors. Furthermore, the trustee's discretion over the payment of corpus is *limited* rather than *absolute.* The corpus can be invaded only if the income therefrom, together with Mrs. Walton's income from other sources, is insufficient to provide *reasonable* support, medical care and comfort. The discretion granted the trustee would clearly be abused by any arbitrary withdrawal not justified under this proscription (*Estate of Ferrall,* 41 Cal.2d 166 [258 P.2d 1009]). It cannot be soundly contended that such an arrangement is contrary to public policy as the settlor's creditors here fare as well and possibly better than in the case of an ordinary *inter vivos* gift with a reservation of life income in the donor but with no possible access to the corpus.

Appellant cites *Estate of Schneider,* 140 Cal.App.2d 710, 717 [296 P.2d 45], *McColgan* v. *Walter Magee, Inc.,* 172 Cal. 182, 186 [155 P. 995, Ann.Cas. 1917D 1050], the Restatement Second of Trusts, and other authorities, in urging that the corpus is available to him because the trust is spendthrift.

■ A spendthrift trust is one which provides that the interest of the beneficiary can neither be transferred by him nor reached by his creditors (*County Nat. Bank etc. Co.* v. *Sheppard,* 136 Cal.App.2d 205 [288 P.2d 880]). The trust agreement in this case does not prevent alienation nor insulate the beneficiary's interest against the judgments of her creditors. All of the income and the additional corpus required for her support and obtainable by her from the trustee is subject to their claims. The purpose of the trust was not to avoid Mrs. Walton's just obligations but rather, as noted by this court in *Walton* v. *Bank of California, supra,* to free herself from the constant demands of her children.

This case represents a bold attempt to avoid the court's holding in *Walton* v. *Bank of California, supra* (hearing denied by the Supreme Court). In fact, the creditor's claim on a confessed judgment consists of the attorney's fee incurred by Mrs. Walton in her abortive effort to invalidate the trust and recover her properties. If the settlor is now permitted to impose unlimited obligations on the trust corpus regardless of the fact that she might otherwise be financially affluent, she can easily destroy the trust and obtain by indirection the very relief which she had been previously denied.

■ The trust has been held irrevocable and the interests

of Mrs. Walton's children as designated remaindermen have become vested. While these interests are subject to divestment to the extent that the beneficiary's income is insufficient for her needs, they cannot be defeated by an invasion of the corpus contrary to the very terms of the trust agreement (*Estate of Van Deusen*, 30 Cal.2d 285, 293 [182 P.2d 565]).

The judgment rendered below does not deprive appellant of the right to reach any asset required to be paid to Mrs. Walton by her trustee. Although given an opportunity to do so, appellant refused to make any showing that Mrs. Walton's income was not sufficient for her reasonable needs, including the payment of his fee. We conclude that he did not justify the application of trust corpus to the payment of his judgment. Appellant is free to reassert his claim and make the required showing.

The judgment is affirmed.

Shoemaker, P. J., and Agee, J., concurred.