NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNIVERSAL TRADING & INVESTMENT CO., INC.,

Plaintiff – Appellant,

v.

DUGSBERY, INC.; PAVLO I. LAZARENKO; LADY LAKE INVESTMENT CORP.; ORBY INTERNATIONAL LTD.; UNITED ENERGY SYSTEMS OF UKRAINE, PFG; TRUSTEES FOR PAVLO I. LAZARENKO; FAIRMONT GROUP, LTD.; SAMANTE LTD.; CREDIT SUISSE GROUP,

Defendants – Appellees.

No. 11-16132

D.C. No. 3:08-cv-03632-CRB

**MEMORANDUM**[*]

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted November 6, 2012[**]

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral

(continued...)

San Francisco, California

Before:     FARRIS, FERNANDEZ, and BYBEE, Circuit Judges.

Universal Trading & Investment Co. ("UTICo") appeals the district court's dismissal of its action,[1] and the ensuing judgment,[2] against Pavlo Lazarenko, and entities purportedly under his control.[3] We affirm.

The issues before us center on whether the California statute of limitations bars UTICo's claim that it can sue Lazarenko on the basis that he is indebted to United Energy Systems of the Ukraine ("UESU"), which is the judgment debtor of UTICo. See Cal. Civ. Proc. Code §§ 708.210, 708.230.

(1)     UTICo first argues that the district court erred because it did not

---

[**](...continued)
argument. Fed. R. App. P. 34(a)(2).

[1]See Fed. R. Civ. P. 12(b)(6).

[2]On appeal, UTICo also seeks to argue that the district court erred when it denied UTICo's motion to alter or amend the judgment. See Fed. R. Civ. P. 59(e). However, we do not have jurisdiction over that issue because it was not included in UTICo's notice of appeal. See Fed. R. App. P. 3(c)(1)(B), 4(a)(4)(B)(ii); Whitaker v. Garcetti, 486 F.3d 572, 585 (9th Cir. 2007).

[3]As shown in the caption, a number of entities were named as defendants in the action. However, only Lazarenko and Dugsbery, Inc., have appeared here. Moreover, the claims against all of the entities will fall if the claim against Lazarenko falls. Thus, for convenience, we will refer only to him in our discussion of the issues.

2

accept the allegations of UTICo's First Amended Complaint[4] as true, but UTICo fails to recognize that the district court was not required to accord that treatment to the bare legal conclusion that Lazarenko was indebted to UESU. See Ashcroft v. Iqbal, 556 U.S. 662, 677–79, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009); Marshall Naify Revocable Trust v. United States, 672 F.3d 620, 624 (9th Cir. 2012); W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). The district court did not err.

(2)     UTICo then argues that the district court erred because it did not apply the law of the case doctrine when the Complaint was before it. UTICo complains that the court held that the statute of limitations applied at that time, but had not considered the statute of limitations when it ruled on the allegations in the original complaint. However, UTICo overlooks the fact that application of the doctrine is discretionary,[5] does not usually apply to interlocutory orders of district courts,[6] and surely does not apply to issues not actually decided by the district court at an

---

[4]Hereafter, we will simply refer to this as the "Complaint."

[5]See Milgard Tempering, Inc. v. Selas Corp. of Am., 902 F.2d 703, 715 (9th Cir. 1990).

[6]See City of L.A., Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 888–89 (9th Cir. 2001); Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 687 (9th Cir. 1993).

3

earlier point in the litigation.[7]  When it ruled on the original complaint, the district court simply declared that UTICo's claim was plausible.  It did not consider whether the claim would be barred by a statute of limitations.

(3)  UTICo then claims that the district court erred when it found that UTICo's claim was barred by the statute of limitations.  California law[8] plainly provides that a creditor's action, like UTICo's, must be brought within the time that the judgment debtor (UESU) could bring its action against its own debtor (Lazarenko).  See Cal. Civ. Proc. Code § 708.230; Essex Ins. Co. v. Five Star Dye House, Inc., 38 Cal. 4th 1252, 1260–61, 137 P.3d 192, 196–97, 45 Cal. Rptr. 3d 362, 368 (2006); Evans v. Paye, 32 Cal. App. 4th 265, 276, 37 Cal. Rptr. 2d 915, 922 (1995); see also Manson, Iver & York v. Black, 176 Cal. App. 4th 36, 49, 97 Cal. Rptr. 3d 522, 533 (2009); Garcia v. Merlo, 177 Cal. App. 2d 434, 439, 2 Cal. Rptr. 590, 593–94 (1960).  Equally plain is the fact that on its face the Complaint

---

[7]See Milgard, 902 F.2d at 715–16.

[8]California law applies to this case.  See Erie R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S. Ct. 817, 822, 82 L. Ed. 1188 (1938).  That includes California's choice of law rules, which use a governmental interest analysis.  See Wash. Mut. Bank, FA v. Superior Court, 24 Cal. 4th 906, 919, 15 P.3d 1071, 1080, 103 Cal. Rptr. 2d 320, 330 (2001).  Under that analysis, when the parties do not invoke the law of a foreign state and show that it differs from California law, California law is applied.  Id.; see also United States v. Westinghouse Elec. Corp., 648 F.2d 642, 647 n.1 (9th Cir. 1981).  That is the situation here; foreign law was not invoked before judgment was rendered.

4

demonstrated that any money obtained by Lazarenko from UESU was obtained by September of 1997 at the latest, and this action was not commenced until July 2008.  UTICo did not and does not point to any California statute of limitations that would, or could, preserve an action by UESU against Lazarenko for that long period.  In fact, the most likely applicable statutory periods do not exceed four years.  See Cal. Civ. Proc. Code §§ 337 (written contract), 339 (oral contract), 340 (forfeiture), 343 (catch-all); see also Brandenberg v. Eureka Redevelopment Agency, 152 Cal. App. 4th 1350, 1358–59, 1365, 62 Cal. Rptr. 3d 339, 344, 349 (2007).  Therefore, any claim by UESU against Lazarenko was barred, and that barred UTICo's claim as well.  Moreover, any attempt to amend would have been futile.  The district court did not abuse its discretion when it dismissed without leave to amend.[9]  See Platt Elec. Supply, Inc. v. EOFF Elec., Inc., 522 F.3d 1049, 1060 (9th Cir. 2008).

AFFIRMED.

---

[9]UTICo asserts that the district court erred when it stayed discovery pending resolution of the motion to dismiss, which the court saw as possibly dispositive. We perceive no abuse of discretion.  See Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988); Wood v. McEwen, 644 F.2d 797, 801–02 (9th Cir. 1981) (per curiam); see also Medhekar v. U.S. Dist. Court (Hockey), 99 F.3d 325, 328 (9th Cir. 1996) (per curiam).