Filed 8/19/15  Sanford v. Smith CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| PAUL SANFORD, | |
| Plaintiff and Appellant, | G049563 |
| v. | (Super. Ct. No. 30-2011-00509239) |
| MICHAEL SMITH et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, Linda S. Marks, Judge.  Affirmed.

Lane & Gulino, Gulino Law Offices and John J. Gulino for Plaintiff and Appellant.

Law Offices of Henry Yekikian and Henry Yekikian for Defendants and Respondents.

\*        \*        \*

## INTRODUCTION

Paul Sandford filed a complaint, followed by an amended complaint (the Sandford Complaint), against Michael Smith and Ronda Smith (together, the Smiths), asserting three causes of action: (1) creditor's action under Code of Civil Procedure section 708.210 (section 708.210); (2) fraud; and (3) declaratory relief. The Smiths filed a cross-complaint, followed by an amended cross-complaint (the Smith Cross-complaint), against Sandford. The Smiths moved for summary judgment and, in the alternative, for summary adjudication. The trial court, in effect, granted summary judgment on the three causes of action of the Sandford Complaint. After the Smiths dismissed the Smith Cross-complaint without prejudice, a judgment was entered, from which Sandford brings this appeal.

Because the Smith Cross-complaint had been dismissed without prejudice and with a stipulation to permit its later revival, we invited the parties to submit letter briefs on the issue of appellate jurisdiction. Having received and considered the parties' letter briefs, we confirm our jurisdiction in part I of the Discussion.

In part II of the Discussion, we address Sandford's appeal on the merits, and affirm the judgment. We conclude, as did the trial court, that Sandford's creditor's action under section 708.210 is time-barred. We affirm summary adjudication of Sandford's fraud cause of action on the ground Sandford did not have standing to sue for fraud. The declaratory relief sought in the third cause of action is unnecessary, and summary adjudication was proper, because of the disposition of the first cause of action.

## FACTS AND PROCEDURAL HISTORY

### I. The Prior Lawsuit: The Smith Complaint and the Sandford Cross-complaint

The Sandford Complaint and the Smith Cross-complaint have their antecedents in a prior lawsuit arising out of disputes over a stock purchase agreement. In November 2006, the Smiths filed a complaint for breach of contract against Sandford (the

2

Smith Complaint), alleging he failed to pay amounts owing under a stock purchase agreement entered into in 2001. In April 2007, Sandford and CLD Holdings, Inc. (Holdings), filed a cross-complaint (the Sandford Cross-Complaint) against the Smiths, Chris Lindsay Designs, Inc. (CLD), and John's Wholesale Nursery, Inc. (JWN). The Smiths answered the Sandford Cross-complaint. Defaults were entered against CLD and JWN.

At a mandatory settlement conference in December 2007, Sandford and Holdings reached an agreement with the Smiths. Sandford and Holdings agreed to pay the Smiths $17,500 within 90 days, upon which requests for dismissal would be filed. A written stipulation for entry of judgment providing for dismissal with prejudice of the Smith Complaint and the Sandford Cross-complaint was prepared but not signed by the litigants or their counsel. On April 29, 2008, pursuant to the terms of the settlement agreement, the trial court orally dismissed the Smith Complaint and the Sandford Cross-complaint. The court did not specify whether dismissal was with or without prejudice and, apparently, the written stipulation for entry of judgment was never filed. There is a dispute whether the dismissal was, or should have been, with prejudice.

On April 1, 2008, a default judgment in the amount of $799,350.39 was entered against CLD and JWN and in favor of Sandford and Holdings. Later, Holdings assigned its interest in the default judgment to Sandford.

## II. The Current Lawsuit: The Sandford Complaint and the Smith Cross-complaint

In September 2011, Sandford filed a complaint alleging three causes of action against the Smiths: (1) creditor's action under section 708.210, (2) fraud, and (3) declaratory relief. In June 2012, Sandford filed the Sandford Complaint asserting the same causes of action based on the same allegations. Michael Smith was a defendant in the first and third causes of action, and Ronda Smith was a defendant in all three causes of action.

3

The Sandford Complaint alleged CLD and JWN were judgment debtors of Sandford in the amount of $799,350.39. The first cause of action alleged three separate debts owed by Michael Smith or Ronda Smith: (1) Michael Smith owed CLD $226,570; (2) Ronda Smith owed JWN $180,954.36; and (3) Ronda Smith owed JWN an additional $208,000. The first cause of action sought to have those debts applied to the judgment against CLD and JWN.

The second cause of action alleged that, in 2004, Ronda Smith sold the assets of JWN to Las Palmas Tropicals, Inc. (Las Palmas), for $208,000. To defraud JWN's creditors, Ronda Smith accepted payment for the assets in the form of a check or checks made payable to her only, failed to disclose the sale of the assets of JWN, and failed to comply with the California Uniform Commercial Code, "Bulk Transfer Division." The third cause of action sought a declaration that Michael Smith and Ronda Smith were indebted to CLD and Ronda Smith was indebted to JWN in the amounts alleged.

The Smiths answered the Sandford Complaint and filed the Smith Cross-complaint against Sandford and Holdings. The Smith Cross-complaint had four causes of action. The first cause of action of the Smith Cross-complaint sought to set aside the default judgment against CLD and JWN on the ground of fraud or mistake. The second and third causes of action alleged Sandford and Holdings breached the terms of the settlement agreement by failing to file a request for dismissal with prejudice of the Smith Complaint and the Sandford Cross-complaint. The fourth cause of action alleged that, at the mandatory settlement conference, Sandford made the representation that he agreed to the terms of the settlement. This representation was false, and, the Smiths alleged, Sandford's true intention was not to file a dismissal with prejudice but to later institute the Sandford Complaint.

The Smiths brought a motion for summary judgment, alternatively seeking summary adjudication, of the three causes of action of the Sandford Complaint. By

minute order entered on October 24, 2013, the trial court granted summary adjudication of the three causes of action of the Sandford Complaint on the ground the first two causes of action were barred by the relevant statute of limitations and the third cause of action duplicated the first. The court did not grant summary judgment. The court's minute order stated: "Although this ruling disposes of all claims in Plaintiff's First Amended Complaint, there are still claims pending in this action as stated in the Smith's [*sic*] First Amended Cross-Complaint. Entry of judgment will thus be reserved until trial on those claims is completed."

At a status conference on November 15, 2013, the parties advised the trial court they had reached an agreement that if Sandford appealed from "any judgment" based on the order granting the Smiths' motion for summary adjudication, and if such appeal "is successful in any respect," then the Smiths would have the right to reinstitute the Smith Cross-complaint. Based on that agreement, the trial court dismissed the Smith Cross-complaint without prejudice. On December 4, 2013, a "[j]udgment" was entered on the Sandford Complaint in accordance with the order granting summary adjudication. Sandford and Holdings timely appealed from the judgment.

## DISCUSSION

### I. Appellate Jurisdiction

On our own motion, we questioned our jurisdiction because the Smith Cross-complaint had been dismissed without prejudice and with a stipulation it could be reinstated if this appeal is successful in any respect. We invited the parties to submit letter briefs on this issue of appellate jurisdiction. Sandford filed a letter brief and the Smiths filed a letter brief. After considering those briefs, we are satisfied we have jurisdiction.

Under the "one final judgment" rule, a judgment that fails to dispose of all the causes of action pending between the parties is generally not appealable. (Code Civ. Proc., § 904.1, subd. (a); *Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725,

5

740-741.) In *Kurwa v. Kislinger* (2013) 57 Cal.4th 1097, 1100, 1107-1108 (*Kurwa*), the California Supreme Court held an appeal may not be taken when a judgment disposes of fewer than all the pleaded causes of action by dismissal with prejudice, and the parties agree to dismiss the remaining counts without prejudice and waive operation of the statute of limitations on those remaining causes of action. The Supreme Court approved a line of Court of Appeal decisions beginning with *Don Jose's Restaurant, Inc. v. Truck Ins. Exchange* (1997) 53 Cal.App.4th 115 recognizing the parties may not create appellate jurisdiction by agreeing to hold some causes of action "in abeyance" for future litigation following an appeal from a judgment on the other causes of action. (*Kurwa*, *supra*, at pp. 1100, 1102-1104.)

As the Supreme Court recognized in *Kurwa*, *supra*, 57 Cal.4th at page 1105, a plaintiff or cross-complainant has the right to voluntarily dismiss an action without prejudice before trial and when "unaccompanied by any agreement for future litigation, does create sufficient finality as to that cause of action so as to allow appeal from a judgment disposing of the other counts." Finality is assured because "'a party's voluntary dismissal without prejudice does not come equipped by law with an automatic tolling or waiver of all relevant limitations periods; instead, such a dismissal includes the very real risk that an applicable statute of limitations will run before the party is in a position to renew the dismissed cause of action.'" (*Id.* at pp. 1105-1106.) "But when the parties agree to waive or toll the statute on a dismissed cause of action pending an appeal, they establish an assurance the claim *can* be revived for litigation at the appeal's conclusion. It is that assurance—the agreement keeping the dismissed count legally alive—that prevents the judgment disposing of the other causes of action from achieving finality." (*Id.* at p. 1106.)

When dismissing the Smith Cross-complaint without prejudice, the Smiths and Sandford did not agree to toll or waive the statute of limitations on the claims asserted. The parties agreed only that the Smiths would have the right to reinstitute the

6

Smith Cross-complaint if the appeal is successful in any respect. Because the parties did not waive or toll the statute of limitations on any claims pending an appeal, their agreement did not hold any claims in abeyance or assure they could be revived at an appeal's conclusion. Inasmuch as a cause of action that has been voluntarily dismissed without prejudice may be reinstated at any time (subject to the applicable statute of limitations), the parties' agreement restricts rather than facilitates reinstitution of the Smith Cross-complaint. Hence, the judgment disposing of the causes of action in the Sandford Complaint satisfied the one final judgment rule and is appealable.

## II. Summary Adjudication of the Causes of Action of the Sandford Complaint

We review the trial court's order granting summary adjudication de novo. (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 767; *Mooney v. County of Orange* (2013) 212 Cal.App.4th 865, 872.) A motion for summary judgment or summary adjudication is properly granted if the moving papers establish there is no triable issue of material fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843.)

A. *First Cause of Action: Creditor's Action Under Section 708.210*

The first cause of action of the Sandford Complaint was a creditor's action against a third party pursuant to section 708.210.[1] A creditor's action under section 708.210 works this way: If B is indebted to C, and C is a judgment debtor of A, then A may sue B to have B's debt to C applied to the satisfaction of A's judgment against C. Sandford alleged three such debts: (1) Michael Smith owed CLD $226,570; (2) Ronda Smith owed JWN $180,954.36; and (3) Ronda Smith owed JWN an additional $208,000. CLD and JWN are judgment debtors of Sandford under the default judgment.

---

[1] Section 708.210 states: "If a third person has possession or control of property in which the judgment debtor has an interest or is indebted to the judgment debtor, the judgment creditor may bring an action against the third person to have the interest or debt applied to the satisfaction of the money judgment."

7

Sandford sued the Smiths under section 708.210 to have the debts they owed to CLD and JWN applied to satisfy the default judgment.

In granting the Smiths' motion for summary adjudication, the trial court concluded the first cause of action was barred by the statute of limitations. A creditor's action under section 708.210 must be commenced before the expiration of the latter of "(1) [t]he time when the judgment debtor may bring an action against the third person concerning the property or debt" or "(2) [o]ne year after creation of a lien on the property or debt pursuant to this title." (Code Civ. Proc., § 708.230, subd. (a).) Under section 708.230, subdivision (a), a creditor's action must be brought within the time that the judgment debtor could bring an action against its own debtor. (*Universal Trading & Investment Co., Inc. v. Dugsbery, Inc.* (9th Cir. 2012) 499 Fed. Appx. 663, 665.)

The trial court found that Sandford did not allege a lien on the debt was ever created. Sandford does not contend otherwise. The limitations period for the first cause of action therefore is the time in which the judgment debtors (CLD and JWN) could have brought an action against Michael Smith and/or Ronda Smith concerning the debts.

The statute of limitations for breach of written contract, obligation, or liability is four years (Code Civ. Proc., § 337) and for breach of oral contract, obligation, or liability is two years (*id.*, § 339). "A cause of action for breach of contract ordinarily accrues at the time of breach, and the statute begins to run at that time regardless whether any damage is apparent or whether the injured party is aware of his or her right to sue." (3 Witkin, Cal. Procedure (5th ed. 2008) Actions, § 520, p. 664.)

The evidence presented a variety of possible accrual dates for CLD's and JWN's causes of action to recover the debts from Michael Smith and Ronda Smith. Sandford submitted a declaration in opposition to the Smiths' motion for summary judgment, in which he declared: "My claim is simply that Mr. Smith is indebted to [CLD] in the principal sum of $226,570.57, which amount was due as of March 31, 1999.

8

[JWN is] indebted to [CLD] in the principal sum of $180,954.36. This debt was also outstanding as of March 31, 1999. . . . The debt owed by [JWN] is complicated by the fact that Ronda Smith sold all of the assets of [JWN] and put the money in her pocket." The Sandford Cross-complaint alleged the debt owed to CLD became due when the assets of JWN were sold. In Sandford's opposing separate statement of disputed and undisputed facts, Sandford acknowledged as "[u]ndisputed" the fact that he claimed "the Smiths became obligated to repay the $226,570.00 and $180,954.36 loans upon the sale of [JWN]." Sandford alleged that when the assets of JWN were sold, Ronda Smith accepted a check for $208,000 made to her personally. Since the asset sale proceeds should have been paid directly to JWN, Ronda Smith's obligation to repay the $208,000 accrued on the date on which JWN's assets were sold to Las Palmas.

According to the Sandford Cross-complaint, JWN's assets were sold in March 2006. The agreement by which the assets of JWN were sold to Las Palmas has a closing date of November 10, 2003.

The undisputed facts were that Michael Smith's debt of $226,570.57 to CLD, Ronda Smith's debt of $180,954.36 to JWN, and Ronda Smith's debt of $208,000 to JWN became due at the very latest in March 2006 (according to the Sandford Cross-complaint). Sandford filed his initial complaint in September 2011, over four years later. Thus, using the latest possible accrual date and longest possible statute of limitations, any claim by CLD and JWN to recover indebtedness from Michael Smith and Ronda Smith would have been time-barred by the time Sandford filed his complaint. Consequently, Sandford's cause of action under section 708.210 was also time-barred.

Sandford argues the Smiths should be estopped from asserting the statute of limitations because they controlled CLD and JWN and induced those companies not to sue to collect the debts. Sandford also asserts the delayed discovery rule applies to accrual of CLD's and JWN's causes of action against the Smiths because their failure to repay the debts was difficult to detect and committed in secret. A party may be equitably

9

estopped to assert the statue of limitations (*McMackin v. Ehrheart* (2011) 194 Cal.App.4th 128, 140-142), and the delayed discovery rule may be applied to a breach of contract that was "'committed in secret'" or is not reasonably discoverable (*NBCUniversal Media, LLC v. Superior Court* (2014) 225 Cal.App.4th 1222, 1233). But, as the Smiths point out, Sandford's appellate brief provides no citations to the record to support the equitable estoppel and delayed discovery arguments.[2] "'When an appellant's brief makes no reference to the pages of the record where a point can be found, an appellate court need not search through the record in an effort to discover the point purportedly made.'" (*Chicago Title Ins. Co. v. AMZ Ins. Services, Inc.* (2010) 188 Cal.App.4th 401, 424.)

B. *Second Cause of Action: Fraud/Transfer to Defraud Creditors*

The second cause of action of the Sandford Complaint was for fraud against Ronda Smith only. Sandford alleged that Las Palmas paid for the assets of JWN by giving Ronda Smith a check or checks for $208,000 made personally to her. She failed to pay this amount to JWN and did not account to JWN's creditors. Sandford alleged that Ronda Smith demanded that Las Palmas "not comply with the requirements of the Bulk Transfer Law," which would have required that certain notices of the transaction be given. Sandford alleged: "The intentional failure by R[onda] to disclose to the creditors of [JWN] the sale of all or substantially all of the assets of [JWN] and the request that payment for those assets be made payable to R[onda] was done by R[onda] so as to defraud the creditors of [JWN] and done with the intent to disguise the fact that the assets of [JWN] had been sold and that payment for those assets had been made to R[onda]."

---

[2] As to Sandford's equitable estoppel argument, the trial court found: "Plaintiff argued in opposition that any delay in commencing a collection action on the loans was caused by the Smiths, so they are estopped from asserting a limitations defense here. However, the evidence does not support that proposition, as Plaintiff has not demonstrated that the Smiths did anything to induce forbearance from bringing suit."

10

The trial court granted the Smiths' motion for summary adjudication of the fraud cause of action on the ground it was barred by the three-year statute of limitations. In compliance with Code of Civil Procedure section 437c, subdivision (m)(2), we invited the parties to submit supplemental letter briefs on the issue whether summary adjudication of the fraud cause of action against Ronda Smith should or should not be affirmed based on issue 6 of the Smiths' motion for summary judgment or, in the alternative, summary adjudication. Issue 6 was: "Defendants are entitled to summary adjudication as to Plaintiff's Second Cause of Action for Fraud because the undisputed facts establish that Plaintiff has no direct right of action against Ronda for fraud." We received a letter brief from the Smiths and a letter brief from Sandford.

We conclude Sandford does not have standing to assert a fraud cause of action against Ronda Smith. The fraud cause of action alleged that Ronda Smith defrauded JWN by taking for herself the $208,000 paid for JWN's assets. The fraud cause of action thus would belong to JWN or would be a shareholder derivative suit. "[T]he essence of [Sandford's] claim is that the assets of [JWN] were fraudulently transferred without any compensation being paid to [JWN]. This constitutes an injury to the company itself." (*PacLink Communications Internat., Inc. v. Superior Court* (2001) 90 Cal.App.4th 958, 964.) Sandford is not JWN and was not a JWN shareholder who might have been able to bring a shareholder derivative suit.

Sandford argues he has standing to sue Ronda Smith for fraud because he is a creditor of JWN. Sandford alleged in the Sandford Complaint that Ronda Smith failed to disclose the fact that payment for the JWN assets was made directly to her, "so as to defraud the creditors of [JWN]." Although Sandford alleged in the Sandford Complaint that he was a creditor of JWN when the alleged fraud occurred in 2004, the evidence showed that Holdings, not Sandford, was a creditor of JWN at that time. In his declaration in opposition to the Smiths' motion for summary judgment, Sandford explained that Holdings became a creditor of JWN by virtue of a business reorganization

11

agreement dated August 1, 2000. In his letter brief, Sandford asserts he became a creditor of JWN "[e]ffective August 1, 2000 . . . pursuant to the Business Reorganization Agreement of that date." However, the business reorganization agreement was entered into by Holdings, not Sandford. Thus, assuming the second cause of action of the Sandford Complaint alleged a transfer to defraud creditors, Sandford lacks standing to sue on that cause of action because he was not a creditor of JWN at the time the alleged fraud occurred.

C. *Third Cause of Action: Declaratory Relief*

The third cause of action of the Sandford Complaint sought a declaration that Michael Smith and Ronda Smith "are debtors or are otherwise indebted to [Sandford]'s Judgment Debtors, [CLD] and [JWN]." Because Sandford's creditor's action under section 708.210 is time-barred, the declaratory relief sought is unnecessary. (Code Civ. Proc., § 1061 [court may decline to grant declaratory relief if a declaration "is not necessary or proper at the time under all the circumstances"].)

**DISPOSITION**

The judgment is affirmed. Respondents shall recover costs on appeal.

FYBEL, J.

WE CONCUR:

RYLAARSDAM, ACTING P. J.

MOORE, J.

12